## FRANKLIN *v.* AMERSON.

1. Where in an action for false imprisonment the plaintiff makes out a prima facie case of unlawful arrest and detention, and the defendant defends upon the ground that he was an officer authorized to make arrests, and arrested the plaintiff, for an alleged misdemeanor, without a warrant, because there was likely to be a failure of justice for want of an officer to issue a warrant, the burden is on the defendant to establish that the circumstances were such as to authorize him to arrest the plaintiff without a warrant.   The facts of the present case rendering the above rule applicable therein, and the defendant having wholly failed to show that there was likely to be a failure of justice for want of an officer to issue a warrant, the verdict in his favor was contrary to evidence and to law.

2. When an officer, without a warrant, attempts to make an arrest for an alleged misdemeanor, and the person sought to be arrested has no notice that the attempt to arrest is being made by lawful authority, such person has the right to resist the attempt to take him into custody; and the arrest, if made, is illegal.

3. While the Civil Code, § 3844, applies to actions for malicious prosecution, and has no application in a suit against an officer merely for unlawful arrest and imprisonment and acts of violence accompanying the arrest, yet where, in a suit of the latter character, the plaintiff alleges that the acts complained of were done " without probable cause and maliciously," it is not erroneous to give this section in charge to the jury.

4. Civil Code, § 3852, applies only to a case where the imprisonment complained of was under a warrant defective in form, or void for want of jurisdiction, and does not apply in a case where the imprisonment was not by virtue of any warrant whatever.

Argued October 8, — Decided October 31, 1903.

Action for damages.    Before Judge Hodges.    City court of Macon.    April 11, 1903.

*J. W. Preston Sr.,* for plaintiff.
*Minter Wimberly* and *Jesse C. Harris,* for defendant.

FISH, J.   Carrie Franklin brought suit against Amerson and Seisel, alleging that they, " without any provocation and without any probable cause, and maliciously and without lawful authority whatever, did assault and beat, . . and did cruelly bruise, injure, and maltreat " her, in specified particulars, and did arrest and take her to the barracks and have her locked up and imprisoned for the space of one hour.    Before the case came on for trial it was settled and dismissed as to Seisel.    When the case was tried the jury returned a verdict in favor of the defendant Amerson.    The plaintiff made a motion for a new trial, which was overruled, and she excepted.

1. We are clearly of opinion that the court below erred in overruling the motion for a new trial. The plaintiff was entitled to a new trial upon the general ground that the verdict was contrary to the evidence. The plaintiff's testimony fully sustained the allegations of her petition; and if the defendant had introduced no evidence, he could not have legally escaped a verdict in her favor. Her testimony put the burden upon the defendant of showing that the arrest of the plaintiff and his acts toward her in connection therewith were authorized by law. He utterly failed to successfully carry this burden. According to his testimony he, as a detective of the city of Macon, arrested the plaintiff, and, despite a very vigorous and desperate struggle on her part to prevent it, carried her to the police barracks and had her locked up. He admitted that he made the arrest without any warrant and upon the mere statement of Seisel that the plaintiff had stolen his keys. The general rule which prevails outside of this State is, that an officer has no authority to arrest a person for an alleged misdemeanor, without a warrant, unless the offense is committed in his presence and amounts to a breach of the peace. Hawley's Law of Arrest, 42. Under the laws of this State, " an arrest may be made for a crime, by an officer, either under a warrant, or without a warrant, if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Penal Code, § 896. In the case of *Thomas* v. *State*, 91 *Ga.* 204, this court construed these provisions (then contained in the Code of 1882, § 4723) as being applicable to a case in which an officer, without a warrant, attempts to make an arrest for an alleged misdemeanor. Chief Justice Bleckley, who delivered the opinion, said : " The evidence indicates that the offense, for which the policeman was endeavoring to arrest the accused when the shooting occurred, was larceny of money and property from the house. If this was the offence, and if the effects stolen were of less value than fifty dollars, the arrest contemplated was not for a felony, but for a misdemeanor only. The policeman had no warrant, nor was the offence committed in his presence. This being so, he had no legal authority to make any arrest, unless it was reasonably proper to do so in order to prevent a failure of justice for want of an officer to issue a warrant. Code, § 4723. With ample time

and opportunity to obtain a warrant after he was informed of the offence, and before he commenced looking out for the offender, the policeman had no right to proceed without it." So, in the case under consideration, Amerson, the defendant, had no right whatever to arrest the plaintiff for an alleged misdemeanor, without a warrant, unless the offense for which the arrest was made was committed in his presence, or she had committed the offense charged and was endeavoring to escape, or there was likely to be a failure of justice for want of an officer to issue a warrant. No offense whatever had been committed in the officer's presence; and, we may add, the evidence failed to show that the plaintiff had committed any offense at all. Even if she had committed the alleged offense, she was not endeavoring to escape when the arrest was made. The defense upon which the defendant relied was, that, under the circumstances, there was likely to be a failure of justice if he did not make the arrest without a warrant. It was incumbent upon him to establish this defense, and this he utterly failed to do. There was not a particle of evidence which even tended to show that it was necessary, in order to prevent a failure of justice, to make the arrest without a warrant. Irrespective of the fact that the evidence failed to show that any offense had been committed, the testimony of the defendant himself showed that when Seisel went to him and requested him to arrest the plaintiff —stating that she had stolen his keys, the plaintiff was at Seisel's home, engaged in his domestic service; and that Seisel expected her to remain there until the officer came and arrested her, for he told the defendant to go to his (Seisel's) house and make the arrest. The testimony further showed that this expectation of Seisel was fully justified by the conduct of the plaintiff, as she remained at Seisel's house until the defendant came to arrest her, and then offered to be searched and to accompany the defendant to her house, in order that he might search that. Why Seisel, or the officer, did not obtain a warrant before proceeding to the house to make the arrest does not appear. So there was nothing whatever to show that Seisel, or the defendant, could not have readily obtained a warrant before the arrest was made. Indeed, we apprehend that it would be rather difficult to prove that, in the forenoon of the day and in a city like Macon, a warrant could not have been easily and speedily procured; and even if it had been

shown that to obtain a warrant would have involved considerable delay, the circumstances shown by the evidence were not such as to indicate any necessity for making the arrest without it.

2.    The arrest of the plaintiff and the acts of violence toward her with which it was accompanied were unlawful for another reason.    To make an arrest lawful, it is necessary that the person arrested should, in some way, have notice that he is arrested by lawful authority.    He may have this notice from the fact that he knows the person making the arrest to be an officer, or by seeing his uniform or badge of office, or by being arrested while committing a breach of the peace or other crime, or by the person making the arrest giving notice of his purpose and the reason for it, or by being immediately pursued from the scene of his crime.    Hawley's Law of Arrest, 15–16, and cases cited.    In the present case it appears from the evidence, that the plaintiff did not know the defendant, or that he was an officer; that he did not have on any uniform, and while he wore his official badge it was concealed under the lapel of his coat and was not shown to the plaintiff, nor was she told by him that he was an officer.    So he occupied no better position, in attempting to make the arrest, than a mere private person who, without a warrant, attempts to arrest another person for an alleged misdemeanor.    *Snelling* v. *State*, 87 *Ga.* 50, 53; *Jones* v. *State*, 114 *Ga.* 73.    A private person has no authority to make an arrest for a misdemeanor, unless the offense is committed in his presence or within his immediate knowledge.    Penal Code, § 900. But if the offense is a felony, and the offender is escaping, or attempting to escape, a private person may arrest upon reasonable and probable grounds of suspicion.    Ib.    As a private person, under the circumstances disclosed by the evidence in this case, would have had no right to arrest the plaintiff, the defendant, who occupied no better position, had no right to do so.    The plaintiff had the right to resist the unlawful attempt to arrest her.    Even if the fact be, as testified by the defendant, that the plaintiff at first offered to go along with him and actually accompanied him a short distance from Seisel's house, it does not necessarily show that she voluntarily submitted to arrest by him.    It is not inconsistent with her statement that she offered to accompany him to her house, in order that he might search it.    He does not appear to have put his hands upon her, or to have told her she was under arrest, until

she refused to accompany·him further.    But even if she did, at first, agree to go with the defendant to the police barracks, she had the right to withdraw her consent· to do so, and the violence which he, when she declined to follow him further, used toward her for the purpose of carrying her to the police barracks and having her locked up, was wholly unjustifiable.

3. The court gave in charge to the jury sections 3844 and 3852 of the Civil Code, and in the motion for a new trial this is assigned as error, the specific assignment being that the provisions of these sections were not applicable to the case.    The first of these sections, applies to suits for malicious prosecution.    It immediately follows the section which declares:   "A criminal prosecution, maliciously carried on, and without probable cause, whereby damage ensues to the person prosecuted, gives him a cause of action." § 3843.. It provides:   "Want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused."   This section has no application to a suit against an officer merely for unlawfully arresting and imprisoning the plaintiff, and for acts of violence accompanying the arrest; and if the plaintiff had confined the allegations of her petition to such as were necessary to make such a case, it would have been erroneous for the court to have given the law of this section in charge to the jury.    While the facts, as shown by the evidence, do not involve a criminal prosecution of the plaintiff by the defendant, Amerson, yet as the plaintiff in her petition alleged that the acts complained of were done by him "without probable cause and maliciously," we can not say that the court erred in giving this section in charge.

4. It was, however, erroneous to charge section 3852.    While this section applies to actions for false imprisonment, it applies only to imprisonment under a· warrant which is defective in form, or void for want of jurisdiction.    It has no application whatever to a case in which the arrest or imprisonment was not by virtue of any warrant, good or bad.

*Judgment reversed.   All the Justices concur.*