## SMITH v. CLARK et al.

No. 2063.   Decided January 7, 1910 (106 Pac. 653).

1. PLEADING—COMPLAINT—JOINT DEMURRER. Where a complaint, in an action against several defendants, stated a cause of action against some of them, it was good as against a joint demurrer by all. (Page 121.)

2. FALSE IMPRISONMENT—CIVIL LIABILITY—ACTIONS—INSTRUCTIONS. In an action for false imprisonment, consisting of the arrest of a party under a void warrant of a justice of the peace, an instruction that all persons parties to the issuing, procurement, or service of the warrant would be liable as trespassers for any damages caused thereby, and that all the proceedings were void from the beginning, was erroneous, as conveying the idea that the person making the complaint in the justice court was liable as a trespasser. (Page 121.)

3. FALSE IMPRISONMENT—CIVIL LIABILITY—ACTIONS—INSTRUCTIONS. Such instruction was erroneous, where the person who made the complaint in the justice court was a party defendant, and the evidence failed to show that he took any part in the subsequent proceedings. (Page 122.)

4. FALSE IMPRISONMENT—CIVIL LIABILITY. A party making and verifying a complaint before a justice is not liable for false imprisonment of the person arrested on a warrant issued by the

justice, where he took no further part in the proceeding, though the complaint stated no offense. (Page 123-133.)

5. FALSE IMPRISONMENT—CIVIL LIABILITY—NATURE AND ELEMENTS—"FALSE IMPRISONMENT." "False imprisonment" is the unlawful arrest and detention of the person of another, with or without a warrant or other process, or an unlawful restraint upon his person, or control over the freedom of his movements by force or threat; and every such force, restraint, or confinement is unlawful, where it is not authorized by law. (Page 126.)

6. FALSE IMPRISONMENT—CIVIL LIABILITY—ACTIONS—PLEADING.—In an action for false imprisonment, plaintiff must plead that the imprisonment was wrongful or unlawful, or the facts or circumstances showing the unlawfulness thereof. (Page 126.)

7. FALSE IMPRISONMENT — CIVIL LIABILITY — ACTIONS — EVIDENCE. Where, in an action for false imprisonment, the facts show that plaintiff was restrained or imprisoned by the defendant without a warrant or other process, or by threats or force, or by other facts and circumstances which naturally give rise to the inference or presumption that the restraint or imprisonment was wrongful or unlawful, he makes a prima facie case, and the burden is on defendant to show a legal justification for the imprisonment. (Page 127.)

8. FALSE IMPRISONMENT — CIVIL LIABILITY — ACTIONS—EVIDENCE. In an action for false imprisonment, where plaintiff, by his own evidence, shows that he was imprisoned as the result of a judicial proceeding and by a warrant, or other legal process issued thereon, he is required, in order to make a prima facie case to show something more than detention or imprisonment. (Page 127.)

9. TRIAL—INSTRUCTIONS—SUFFICIENCY. Instructions should not be mere abstract statements of law. (Page 127.)

10. FALSE IMPRISONMENT—CIVIL LIABILILTY—PERSONS LIABLE. The rule that every imprisonment of a man is prima facie a trespass, and in an action to recover therefor, if the imprisonment is proved or admitted, the burden of justifying it is on the defendant, does not apply to the person who made the complaint against the party imprisoned before the justice, who issued the warrant and caused his arrest, where he took no other part in the proceedings. (Page 128.)

11. MALICIOUS PROSECUTION—CIVIL LIABILITY—WANT OF PROBABLE CAUSE—RESULT OF PROSECUTION. Whether or not the discharge by a magistrate of one accused of crime is evidence of want of probable cause for his prosecution depends on the proceeding had before the magistrate; and where he was discharged without a hearing, and there were no circumstances which in themselves indicated a want of probable cause, this discharge, although proof of the

unsuccessful termination of the prosecution, was no proof in a civil action for malicious prosecution of want of probable cause. (Page 131.)

12. MALICIOUS PROSECUTION—CIVIL LIABILITY—ACTIONS—EVIDENCE. In an action for malicious prosecution of plaintiff on a charge of larceny of brick, the record in a justice court of an action of replevin between the same parties, holding that the defendant in the malicious prosecution action was the owner of the brick, and entitled to possession of them at the time they were taken by the plaintiff, was admissible, as tending to show probable cause for the prosecution. (Page 131.)

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action by A. O. Smith, Jr., against H. G. Clark and others.

Judgment for plaintiff. Defendant Barry appeals.

REVERSED AND REMANDED.

*W. E. Rydalch* for appellant.

*J. H. McDonald* for respondent.

STRAUP, C. J.

This is an action for false imprisonment and malicious prosecution, based upon the following transactions: The plaintiff and Barry had a controversy with respect to the ownership and the right of possession of some adobe brick. A Mr. Stewart, who made the brick from clay belonging to the plaintiff, had agreed to pay plaintiff a royalty. Barry had acquired an interest in the brick, and had taken, without objection, a sufficient number of them to build a house. When he attempted to take several more loads to build an outhouse a dispute arose between him and the plaintiff as to the payment of the royalty. The plaintiff contended that the full amount of the royalty had not been paid, and forbade Barry taking more brick until the royalty was paid.

Barry, on the other hand, contended that the royalty had been paid in full, and that the brick which he was about to take belonged to him. The brick were in a public street. The plaintiff, claiming the right to hold them until the royalty was paid, ordered Barry away, swore at him, and threatened to have him arrested if he took them without paying the royalty. Barry thereupon withdrew and departed. Thereafter he went before a justice of the peace, and told him the facts of the controversy. The justice drew a complaint which was entitled in the justice court for Myton Precinct, County of Wasatch, State of Utah, before H. G. Clark, justice of the peace, and was styled "The State of Utah, Plaintiff, v. A. O. Smith, Jr.," and another, as defendants, "Complaint for unlawfully holding the property of another." The unlawful acts alleged were that the defendants "on or about the 14th day of November, 1907, did unlawfully retain and hold, and have held ever since, one quantity of adobe brick, the property of said D. Barry. The said adobe brick being in the public highway, to-wit," a street in Myton. The complaint was signed and verified by Barry, the appellant, and was filed before the justice. The justice issued a warrant of arrest, and delivered it for service to the defendant, Ira Calvert, a special officer appointed by the justice. The warrant recited that a complaint on oath had been made by Barry before the justice "that the offense of detaining property of D. Barry has been committed, and accusing A. O. Smith, Jr.," and another, and commanded the officer to arrest the accused and bring them before the justice. By virtue of it the plaintiff was arrested by such officer and brought before the justice. He filed a motion for a change of venue. The order granting the change recites that the "parties concerned could not agree as to the nearest justice, so this court ordered the case to come up before Justice F. L. Clegg, of Heber Precinct, Heber (Wasatch County) Utah. Court appointed W. H. Murdock as constable to take charge of prisoners, and take them with due dispatch to above named justice." The plaintiff was taken before the justice at Heber,

who dismissed the case and discharged the plaintiff. Upon plaintiff's return to Myton, and in the nighttime, he removed the brick from the street, and placed them on a lot claimed to be owned by him. Barry, learning of such fact, again went before the justice of the peace, Clark, and told him of it. He and the justice viewed the premises to ascertain whether the brick had been removed from the street and placed on the lot. Finding such to be the fact, the justice drew another complaint, charging the plaintiff with grand larceny. That complaint is not in the record. It, however, is conceded by both parties that the offense of grand larceny was sufficiently charged in the complaint, and that it was signed by Barry, and was filed before the justice, and that it was induced by plaintiff's acts in removing the brick from the street, and withholding them from Barry. A warrant of arrest was issued by the justice upon that complaint. The plaintiff was arrested on such charge, and again brought before the justice. On the day the case was set for hearing the county attorney failed to appear. The case was therefore dismissed by the justice, and the plaintiff discharged without a hearing.

The complaint in this action is on two counts: The first, for false imprisonment, based on the first proceedings before the justice, wherein the plaintiff was charged with, and arrested for, "unlawfully holding and detaining" property belonging to Barry; the second, for malicious prosecution, based on the second proceedings, wherein the plaintiff was charged with, and arrested for, grand larceny. The action was brought against H. G. Clark, the justice of the peace, H. Calvert, and E. M. Jones, sureties on his official bond, Ira Calvert, the officer who served the warrants, and D. Barry, who made the complaints before the justice. The case was tried to the court and a jury. A verdict was rendered against Clark, the justice, for one hundred dollars on the first cause of action, and one hundred dollars on the second cause of action, and against the defendant Barry for one hundred and fifty dollars on the first cause of action, and for

one hundred and fifty dollars on the second cause of action. Judgment was entered accordingly. From that judgment the defendant Barry alone has prosecuted this appeal.

He contends, first, that no sufficient facts are stated in either count to constitute a cause of action, and that the court therefore erred in overruling the demurrer to the complaint. The demurrer filed was a joint demurrer of all the defendants. A good cause of action was stated in the complaint on the first count, against the defendants Clark and Ira Calvert. Though the facts stated in the first count were not sufficient to constitute a cause of action against the appellant, the demurrer, being a joint demurrer, was nevertheless properly overruled as to all of the defendants joining therein. Sufficient facts are stated in the second count to constitute a cause of action against the appellant. This assignment is therefore overruled.

It is further contended that the court erred in charging the jury to the effect that the complaint which was filed before the justice of the peace in the first proceedings, and referred to in the first cause of action, "was not sufficient in law to authorize the issuance of a warrant, nor was the warrant on its face sufficient to protect any person serving the same, so that all persons parties to the issuing, procurement, or service of the said warrant would be liable as trespassers for any damages caused thereby, and all the proceedings relating to this cause [had before the justice, and upon which the first cause of action was based] were void in law from the beginning." We think the charge, as applied to the appellant, was too general and indefinite. It undoubtedly gave the jury the impression that because the appellant made and verified the complaint, in the justice's court, which the jury were told "was not sufficient in law to authorize the issuance of a warrant," and because they were further told "that all the proceedings relating" thereto "were void in law from the beginning," he was a trespasser and rendered himself liable for false imprisonment. The complaint filed before the justice, of course, was insufficient. It

stated no public or legal offense known to the law. It only charged that the plaintiff had unlawfully detained and withheld property belonging to the appellant, but not that the plaintiff had committed any crime. The complaint did not authorize the issuance of a warrant. The warrant itself was void upon its face. It commanded the arrest of the plaintiff for "the offense of detaining property," an alleged offense unknown to the law. The justice issuing the warrant, the officer, or any other person arresting the plaintiff thereunder, and all other persons participating in, or directing, the issuance and execution of the warrant were trespassers, and liable for false imprisonment. If the charge had restricted the trespass to the acts of, or the participation in, the issuance and execution of the warrant, or the arrest or imprisonment of the plaintiff, it would not abstractly have been objectionable. It, however, would still have been open to the objection that it was not applicable to the evidence, so far as it was intended to apply to the appellant, for there is no evidence to show that he participated in, or directed, the issuance or the execution of the warrant, or that he participated in, or directed, the arrest or imprisonment of the plaintiff, beyond the mere making of the complaint. By that instruction, however, it was intended to charge a liability for false imprisonment on the part of the appellant because he made and verified a complaint which did not charge a public offense, and which did not authorize the issuance of a warrant, and because he instigated proceedings which "were void in law from the beginning." Counsel for both appellant and respondent have so treated the charge. The latter, in his brief, says that "the appellant swearing to the complaint was sufficient" to make him liable "in the first cause of action." We fear the jury likewise so understood it. At least we think it fairly open to such a construction.

The question whether a complainant, who made a complaint or affidavit before a justice of the peace or commissioner which was insufficient to charge a public or legal offense,

or to confer jurisdiction on the court for the issuance of a warrant, is liable in an action for damages for false imprisonment has given rise to much controversy, and is one upon which the authorities are not in harmony. In the cases of *Forbes v. Hicks,* 27 Neb. 111, 42 N. W. 898, and *Fkumuto v. Marsh,* 130 Cal. 66, 63 Pac. 303, 509, 80 Am. St. Rep. 73, it was held that the complainant is liable in such case. But we are of the opinion that the decided weight of authority is against such a holding. The doctrine is stated in 12 A. & E. Ency. Law, 755, to be that, where a person merely states facts to a judicial officer upon which a warrant issues, the former will not be liable for false imprisonment, though the facts stated constitute no crime, that a mere entering of a complaint is not sufficient to render the complainant so liable, even though the magistrate had no jurisdiction to issue the warrant, and that in order to render the complainant under such circumstances liable in damages for false imprisonment there should be some participation in the issuance and execution of the warrant, in addition to the mere making of the affidavit or complaint. In the case of *West v. Smallwood,* 3 M. & W. 418, Lord Abinger said:

"Where a magistrate has a general jurisdiction over the subject-matter, and a party comes before him and prefers a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, but the only remedy against him is by an action upon the case, if he has acted maliciously."

In the case of *Gifford v. Wiggins,* 50 Minn. 401, 52 N. W. 857, 36 Am. St. Rep. 648, the court said:

"It seems to be settled by an almost unbroken line of authorities that if a person merely lays a criminal complaint before a magistrate in a matter over which the magistrate has a general jurisdiction, and the magistrate issues a warrant upon which the person charged is arrested, the party laying the complaint is not liable for an assault and false imprisonment, although the particular case may be one in which the magistrate had no jurisdiction. . . . . This rule has been frequently applied where the facts stated in the complaint did not constitute a public offense, and it can make no difference in principle whether this

is because the facts stated do not bring the case within a valid statute, or because the statute under which the proceedings were instituted is invalid. In either case, the acts charged constitute no offense, because there is no law making them such."

In the case of *Murphy v. Walters,* 34 Mich. 180, it was said: "It seems to be considered that in criminal proceedings a person who simply lays facts before a magistrate, and leaves all further action to the unbiased and unsolicited conduct of the latter, is not liable in trespass for false imprisonment, unless he takes some part in furthering the arrest, or urging the detention." Again, in the case of *Brown v. Chapman,* 60 E. C. L. 363, Wilde, C. J., said: "If an individual prefers a complaint to a magistrate, and procures a warrant to be granted, upon which the accused is taken into custody, the complainant is not liable in trespass for that imprisonment; and that even although the magistrate had no jurisdiction." To the same effect are, also, *Tillman v. Beard,* 121 Mich. 475, 80 N. W. 248, 46 L. R. A. 215; *Fenelon v. Butts,* 49 Wis. 342, 5 N. W. 784; 19 Cyc. 329; *Gelzenleuchter v. Niemeyer,* 64 Wis. 316, 25 N. W. 442, 54 Am. Rep. 616; *Langford v. Boston & Albany R. R.,* 144 Mass. 431, 11 N. E. 697; *Booth v. Kurrus,* 55 N. J. Law 370, 26 Atl. 1013.

From the cases, and upon principle, we think it is clear that a party who merely originates a suit by stating the case to, or signing a complaint before, a court of justice is not guilty of trespass, though the proceeding should be erroneous or without jurisdiction. Such an application is only a plea to the magistrate to exercise his jurisdiction, leaving him to the exercise of that jurisdiction upon his own discretion, and cannot be considered as constituting the magistrate the agent of the complainant or suitor, or as calling upon him to act ministerially upon the authority of such complainant or suitor. "This rule of exemption," says the court, in the case of *Marks v. Townsend,* 97 N. Y. 590, "is founded in public policy, and is applicable alike to civil and criminal remedies and proceedings, that parties may be induced freely to resort

to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances without the risk of undue punishment for their own ignorance of the law, or for the errors of courts and judicial officers." Of course if the complaint is malicious, and without probable cause, the complainant may be answerable in another form of action. And if the complainant is guilty of officious interference, or of a participation in the issuance and execution of the warrant beyond the mere making of the complaint, he may also be answerable in an action for false imprisonment. But no such interference or participation upon the part of the appellant is shown. All that is shown is that he stated the facts of the controversy between him and the plaintiff to the justice, who thereupon drew the complaint, which was signed and verified by the appellant. That was not enough to make him liable for false imprisonment, though the comlpaint did not state a public offense, and though the justice was not authorized to issue a warrant thereon. We think the charge misleading, and, in view of the evidence, stated to the jury, in so far as it was made applicable to the appellant, a wrong principle of law.

Complaint is also made of the following charge: "Every imprisonment of a man is prima facie a trespass, and in an action to recover damages therefor, if the imprisonment is proved or admitted, the burden of justifying it is on the defendants participating therein." This identical statement of the law is made in the case of *Bassett v. Porter*, 10 Cush. (Mass.) 418, and is approved in *Jackson v. Knowlton*, 173 Mass. 94, 53 N. E. 134. In *Black v. Marsh*, 31 Ind. App. 53, 67 N. E. 201, it was held that no error was committed by an instruction to the jury, "to the effect that the fact that the appellee was imprisoned was sufficient to raise the presumption that such imprisonment was illegal, and that the burden of establishing the contrary was upon the defendants." To the same effect are *People v. McGrew*, 77 Cal. 570, 20 Pac. 92; *Ah Fong v. Stearnes*, 79 Cal. 30, 21 Pac. 381. In *Zimmerman v. Knox*, 34 Kan. 245, 8 Pac.

104, it was said that, "it having been shown that the plaintiff was arrested and imprisoned at the instance of the defendant without process, and for the purpose of collecting a debt, the burden of proof was shifted, and rested upon the defendant to show a justification or mitigation of the imprisonment." So, too, in *Franklin v. Amerson,* 118 Ga. 860, 45 S. E. 698. In *Barker v. Anderson,* 81 Mich. 508, 45 N. W. 1108, the court said that: "As a general proposition, it must be admitted that it is only necessary for the plaintiff in an action of this kind, to show that he has been imprisoned or restrained of his liberty. The presumption then arises that he was unlawfully imprisoned, and it is for the person who has committed the trespass to show that it was legally justified"—but also held that if the plaintiff shows that the imprisonment resulted from the issuance of process upon judicial proceedings, the burden was upon him to show their invalidity. To the same effect is the case of *Snow v. Weeks,* 75 Me. 105. False imprisonment is the unlawful arrest and detention of the person of another, with or without a warrant or other process. It consists in an unlawful restraint upon a man's person, or control over the freedom of his movements, by force or threats; and every such restraint or confinement is unlawful where it is not authorized by law. The actual detention of the person, and the unlawfulness thereof, constitute the trespass; the gravamen being the unlawfulness of the imprisonment or the detention.

According to the weight of authority a plaintiff in an action for false imprisonment is required to aver that the detention or imprisonment was wrongful or unlawful, or the facts and circumstances showing the unlawfulness thereof. (8 Enc. Pl. and Pr. 846.) In *Ah. Fong v. Stearnes, supra,* a statement, *obiter dictum,* is made that such allegations are not essential. But in *Going v. Dinwiddie,* 86 Cal. 633, 25 Pac. 129, the same court clearly announced a contrary doctrine. In the cases of *Gallimore v. Ammerman,* 39 Ind. 323, and *Carey v. Sheets,* 67 Ind. 375, often

cited as holding that such allegations need not be made, the effect of the holdings are that it was not necessary to characterize the alleged acts as wrongful or unlawful, or that the detention or imprisonment was without competent authority, when the facts as alleged, on being proved, entitled the plaintiff, prima facie, to recover. In both those cases the facts of the detention or restraint, which were alleged in detail, prima facie, showed a wrongful and unlawful restraint or detention. Since a plaintiff is required to allege something more than a mere imprisonment to constitute a good cause of action for false imprisonment, we think it logically follows that to make a prima facie case plaintiff is required to prove something more than a mere imprisonment by the defendant. When by proof of facts or circumstances tending to show that the plaintiff was restrained or detained or imprisoned by the defendant, without a warrant, or other process, or by threats or force, or other facts or circumstances which naturally give rise to the inference or presumption that the restraint or imprisonment was wrongful or unlawful, he undoubtedly has made a prima facie case. The duty of proceeding to show a legal jurisdiction for such restraint, detention, or imprisonment then rests upon the defendant. When, however, the plaintiff by his own evidence shows that he was detained or imprisoned as the result of judicial proceedings, and by the issuance and execution of a warrant, or other legal process issued thereon, he is required, in order to make a prima facie case of false imprisonment, to show something more than a mere detention or imprisonment. In the first instance the natural inference or presumption arises that the restraint or imprisonment was unlawful. In the other no such presumption arises from the mere arrest or imprisonment. In some cases it is proper enough to charge that the imprisonment is prima facie a trespass. But it is not proper to give it in all cases. Instructions should not be mere abstract statements of the law. They should be based upon the evidence and the pleadings in the cause.

Upon the evidence adduced in the case, and as against the justice and the officer, the court very properly could have charged the jury that the arrest and imprisonment of the plaintiff was not only prima facie a trespass, but was false and unlawful. For the one issued a warrant, and commanded the arrest of the plaintiff, on alleged acts which did not constitute any offense known to the law; the other served the warrant void upon its face, and by virtue of it, arrested and imprisoned the plaintiff. But the charge was improper as against the appellant because there was no evidence tending to show that he participated in the issuance or execution of the warrant, or in the arrest or imprisonment, beyond the mere making of the complaint. As against him the charge was liable to impress the jury with the belief that there was evidence tending to prove his participation in the issuance or execution of the warrant, or the arrest or imprisonment, when such was not the case, and for that reason was improper. (11 Enc. Pl. and Pr. 175.)

The appellant requested the court to charge that the dismissal of the criminal action in the justice's court for grand larceny, and the discharge of the plaintiff, was not evidence, in the second cause of action for malicious prosecution, to show a want of probable cause for the prosecution. The court refused to so charge, and gave no charge as to the inference to be drawn from such dismissal and discharge. We again approach a question upon which the authorities are divided. In a recent case, *Davis v. McMillan,* 142 Mich. 391, 105 N. W. 862, 3 L. R. A. 928, 13 Am. St. Rep. 585, the Supreme Court of Michigan held that: "A discharge of one accused of crime, not brought about by the procurement of the complaining witness, nor attended by circumstances involving his conduct, which of themselves indicate a want of probable cause, is no evidence of a want of probable cause in an action against such witness for malicious prosecution." Cases supporting such holding, and those conflicting therewith, are there cited and reviewed. In 26 Cyc. 38, the rule is stated that: "If the result of the preliminary examination

is the discharge of the accused by the magistrate, this has been held to be prima facie, but is not conclusive, evidence of the want of probable cause; but the later and better opinion is that more than a mere dismissal by the magistrate must be proved, and that standing alone it is no evidence of want of probable cause." In 19 A. and E. Ency. Law, 664, it is said: "The weight of authority is believed to favor the rule that the discharge of the plaintiff in malicious prosecution by the examining magistrate is prima facie evidence of want of probable case for the proceedings complained of," but that "it has been held that lack of probable cause is not shown by the abandonment of the prosecution by the prosecutor, by the dismissal of the charge by the prosecutor, by the voluntary discontinuance of the prosecution, or by dismissal for want of prosecution." See, also, 3 Elliott on Evidence, secs. 324, 2475.

The question is made the subject of extensive notes to the cases of *Bekkeland v. Lyons,* 64 L. R. A. 481; *Davis v. Mc-Millan,* 3 L. R. A. (N. S.) 929; *Ross v. Hixon,* 26 Am. S. Rep. 154. In the foregoing are cited many of the cases bearing on the question. From them may be deduced three rules: The first, that a discharge by an examining magistrate, not attended by circumstances involving the conduct of the prosecutor which of themselves indicate a want of probable cause, is no evidence of want of probable cause in the action for malicious prosecution; the second, that any discharge by an examining magistrate is prima facie evidence that there was a want of probable cause for the prosecution; the third, depending upon the proceedings had before the magistrate which resulted in the discharge. If the discharge resulted from a mere abandonment or voluntary dismissal or discontinuance of the prosecution, and from no hearing and no examination as to the charged offense, then such a discharge or dismissal, standing alone, is no evidence of a want of probable cause in the action for malicious prosecution. If, on the other hand, the discharge resulted from a

37 Utah—9

hearing of the charged offense—that is, if on the evidence adduced by the prosecutor, or the state, the accused was discharged because of a want of evidence to induce the magistrate to believe that there was probable cause, either that an offense had been committed, or that the accused had committed it—then the discharge or dismissal is prima facie evidence of a want of probable cause in the action for malicious prosecution. We believe that the third rule is founded upon the better reason and sounder principle. The rule is extended far enough when it makes the discharge or dismissal, resulting from a hearing or an examination of the offense charged, evidence of the want of probable cause in the civil action against the prosecutor for malicious prosecution. Though he is the complainant in, or the instigator of, the criminal action before the magistrate, nevertheless he is not a party litigant, and has no direction of, or control over, the action or the prosecuting officers, or the magistrate. But since the burden resting upon the plaintiff in the action for malicious prosecution to prove a want of probable cause for the prosecution involves the proof of a negative, and because of the principle of expediency so often applied to rules of evidence, there is ground for holding that the discharge or dismissal resulting from a want of evidence adduced by the prosecutor, or the state, is prima facie evidence of a want of probable cause for the prosecution. In such case the magistrate determined that there was no probable cause for believing the accused guilty. But we see no good reason for holding that a mere discharge or dismissal, standing alone, and resulting not from any examination or hearing of the charged offense, is evidence of the want of probable cause, for the magistrate in such case did not investigate nor determine whether there was or was not probable cause for believing that an offense had been committed, or that the accused was guilty thereof. A finding of a want of probable cause is not necessarily inherent nor involved in such a discharge or dismissal. The discharge here was made without a hearing, and without any judicial investigation, and was unattended

by circumstances involving the conduct of the appellant which in themselves indicate a want of probable cause for the prosecution. We are therefore of the opinion that the mere dismissal of the criminal action and the discharge of the plaintiff was no evidence in the civil action to show a want of probable cause for the prosecution, and that upon the evidence adduced the appellant was entitled to such an instruction. Of course the evidence of the discharge and dismissal was competent, and properly received for the purpose of showing an unsuccessful termination of the criminal prosecution, but not for the purpose of showing a want of probable cause for the prosecution.

The appellant offered in evidence a record of a justice's court by which he sought to prove than in an action of replevin brought by him as plaintiff, and against the plaintiff as defendant, it was adjudged that the plaintiff (appellant here), at the time of the alleged controversy between them, was the owner and entitled to the possession of the brick in question, that no appeal had been taken from such judgment, and that it became and was final. The evidence was excluded. We think it was admissible. In defense of the allegations that the appellant had without probable cause and with malice charged the plaintiff with a larceny of the brick, it was competent for him to show that the plaintiff was guilty of the charge, or the circumstances which indicated probable cause for believing him guilty thereof. An essential element of the crime charged was that the subject of the larceny was property belonging, not to the plaintiff, but to another. The ownership and right of possession of the brick, the subject of the larceny, was material, as bearing on the question of probable cause for believing the plaintiff guilty of a larcenous asportation of the brick. The proffered evidence showing an adjudication between the plaintiff and the defendant on the question of ownership and right of possession was competent on such questions in this action. Of course such evidence would not, in and of itself, be sufficient to show probable cause for believing that the plaintiff

had purloined the brick. That it had a bearing, however, upon a material question cannot well be doubted. The competency and admissibility of evidence, and its sufficiency to establish an essential ultimate fact, are, however, two quite different things. The plaintiff introduced evidence tending to show that he was the owner and entitled to the possession of the brick. That evidence was, of course, offered to show that the appellant had not probable cause for believing the plaintiff guilty of the charge of larceny. As tending to prove the contrary, it certainly was competent for the appellant to show that he, and not the plaintiff, was the owner, and entitled to the possession of the brick at the time of their controversy. The judgment rendered in the action between them, wherein such questions were adjudicated in favor of the appellant, and against the plaintiff, was not only competent, but conclusive, evidence on such questions. The parties to both actions were the same. It has been said that to warrant the use of a former adjudication as evidence in another action it is essential, not only that the parties be the same, but also that the subject-matter of the two actions be substantially the same (7 Enc. of Ev. 830), but that there is an identity of subject-matter, though the form of the action may be different, when the same evidence as to the matters in dispute will sustain both. (7 Enc. of Ev. 836.) It has also been said that the true test is not identity of subject-matter, but identity of issues. (23 Cyc. 1298-1300.) But as said by Mr. Black, in his work on Judgments (volume 2, sec. 614) the correct doctrine rests upon the fact that the particular proposition or point was actually litigated, and actually determined the verdict or the finding. That is, a former adjudication is evidence in a subsequent action between the same parties, or their privies, on all points and questions, raised and litigated in the subsequent action, which were actually litigated and directly determined in the former action, and upon which the former adjudication necessarily depended.

In 23 Cyc. 1321, it is said: "A judgment, in an action in which the title to a chattel was directly in issue and adjudicated, is conclusive on that point between the parties and their privies, without regard to the form or purpose of the action." And in the same volume (page 1341) it is said that a judgment in replevin "ordinarily determines nothing more than the right of the successful party to the immediate possession of the property in question, and does not settle anything as to the title or ownership, unless that particular matter is the issue on which the decision actually turns." On the face of the judgment and pleadings in the replevin action offered in evidence it affirmatively appears that both the ownership and right of possession of the property were actually litigated and directly determined, and that the determination of both such questions was necessary to the judgment. The right of possession was there made dependent upon the question of ownership. When in a subsequent action, though in a different form, such questions recur between the same parties, and are again raised and litigated, such former adjudication is, upon such questions, not only competent, but binding, evidence. (*Baxter v. Myers*, 85 Iowa 328, 52 N. W. 234, 39 Am. St. Rep. 298.) We think the court erred in excluding the evidence.

The question of insufficiency of the evidence to sustain the verdict is also raised. There being no evidence to show that the appellant participated in the arrest or imprisonment of the plaintiff beyond the mere making of the complaint before the justice, or that he officiously, or otherwise, directed the issuance or execution of the warrant, we think, for the reasons heretofore given, that the verdict, rendered upon the first cause of action against the appellant, is not supported by sufficient evidence. We think there is sufficient evidence to support the verdict on the second cause of ation. Whether the appellant, under all the circumstances, had probable cause for believing that the plaintiff had committed the offense of grand larceny was, upon the evidence adduced, a question for the jury. From the nature of the acts themselves upon

which the charge was actuated, and upon all the surrounding circumstances shown in evidence under which they were committed, of all of which the appellant was cognizant and had personal knowledge when he made the complaint, a jury may say that he had not probable cause for believing that the plaintiff was guilty of larceny, or of any other criminal offense.

Because of the erroneous rulings referred to, and for the reasons heretofore given, the judgment of the court below must be reversed, and the case remanded for a new trial, with costs to the appellant. Such is the order.

FRICK and McCARTY, JJ., concur.