## McKENZIE v. CANNING.

No. 2403.   Decided January 13, 1913.   Rehearing denied April 30, 1913 (131 Pac. 1172).

1. MALICIOUS PROSECUTION—ACTION—PRESUMPTION AND BURDEN OF PROOF. Plaintiff, in an action for malicious prosecution, has the burden of showing want of probable cause, but he makes out a *prima facie* case by showing his discharge in a criminal prosecution upon a hearing before a magistrate.[1]   (Page 530.)

2. MALICIONS PROSECUTION—PROBABLE CAUSE—ADVICE OF COUNSEL—QUESTION FOR JURY. Where defendant substantially stated to counsel all the material facts known to him, and upon their advice instituted a criminal prosecution in good faith and upon a well-grounded belief of plaintiff's guilt, it may be a defense, and the question as to such good faith is for the jury.[2]   (Page 531.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Ned McKenzie against George Canning.

Judgment for plaintiff.   Defendant appeals.

REVERSED AND REMANDED FOR NEW TRIAL.

*Gustin, Gillette* and *Brayton* for appellant.

*Smith* and *McBroom* for respondent.

[1] Smith v. Clark, 106 P. 653, 37 Utah, 116, 26 L. R. A. (N. S.) 953, Ann. Cas. 1912B, 1366.

[2] Wright v Ascheim, 5 Utah, 480, 17 Pac. 125.

42 Utah 34

STRAUP, J.

This case was brought to recover damages for an alleged malicious prosecution. The plaintiff had a verdict and judgment in his favor. The defendant appeals.

The burden, of course, was on the plaintiff to show want of probable cause. He, in that respect, made out a *prima facie* case by showing his discharge in the criminal prosecution upon a hearing and an investigation of the charge before the magistrate. (*Smith v. Clark*, 37 Utah, 116, 106 Pac. 653, 26 L. R. A. (N. S.) 953, Ann. Cas. 1912B, 1366.) To meet it the defendant showed that in instituting the criminal proceedings complained of he acted upon the advice of counsel (his own counsel and the county attorney), to whom he had stated all material facts known to him. With respect to this issue the court charged: "(13) If you believe from the evidence that the defendant, Canning, before the institution of any criminal proceedings against the plaintiff, McKenzie, sought the advice of counsel and put before him a full and fair disclosure of all the facts he had with reasonable diligence been able to gather concerning the guilt of the accused, and then and there received advice justifying the prosecution, and relied thereon and in good faith made the criminal complaint believing the accused guilty, then and in such event the defendant, Canning, is entitled to immunity from damages, notwithstanding the subsequent acquittal of the accused. If you find from the evidence that such was the course of the defendant Canning's conduct, then and in such event the allegations that there was want of probable cause for commencing the prosecution is completely rebutted and, of itself shows probable cause. If you are therefore so satisfied from the evidence, you are instructed that your verdict should be for the defendant." Both parties concede this, in substance, to be a correct statement of the law.

They further concede that the question of probable cause is a mixed question of law and fact, and that the general rule is as stated in 3 Elliott on Evidence, section 2473, as follows:

"The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause is a question of law. This is the doctrine generally adopted. It is therefore generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what fact it proves, with instructions that the facts found amount to proof of probable cause, or that they do not."

This, of course, when there is a conflict in the evidence with respect to the facts bearing on the question, or where just conclusions of fact on the evidence are fairly and reasonably subject to different deductions or inferences of fact.

What divides the parties is this: The defendant contends that the evidence with respect to such facts is without conflict, and hence the court, on his request, ought to have directed a verdict in his favor on that ground; the plaintiff, that there is some conflict as to whether the defendant stated to counsel all the material facts known to him, and as to his belief of the plaintiff's guilt of the charge. The defendant, his counsel in the criminal prosecution, and the county attorney were witnesses on behalf of the defendant. What facts were known to the defendant and what were communicated to counsel by him, the advice given, and the defendant's belief of the plaintiff's guilt were testified to by these witnesses. We think the evidence, without conflict, shows that the defendant substantially stated to counsel all the material facts known to him; that upon them they advised him; that he, on such advice, instituted the criminal prosecution; and that in doing so he acted in good faith and upon a well-grounded belief of the plaintiff's guilt. It, however, in effect, is urged that before advice of counsel may be a defense it must appear, not only that the defendant fairly stated all the facts to counsel, and upon them was advised, but also that the defendant in good faith believed the plaintiff guilty of the charge, and that as to such fact the plaintiff was entitled to the judgment of the jury. That in some cases, dependent upon the nature of the evi-

dence, may be true. But before the jury is justified in rejecting or disregarding evidence of the defendant's belief of the plaintiff's guilt, there must be some evidence, either from the nature of the evidence, calculated not to justify such a belief, or tending to show the defendant's disbelief, or other facts or circumstances to justify a fair inference of the defendant's disbelief. In other words, the jury may not arbitrarily reject the defendant's evidence showing a. well-grounded belief by him of the plaintiff's guilt. The respondent's contention in this regard' is well answered in the case of *Wright v. Ascheim,* 5 Utah, 480, 17 Pac. 125. Said Mr. Justice Henderson, in speaking for the court:

"If the defendant in this kind of an action, at the time of commencing the suit complained of, had knowledge of facts tending to show probable cause, but had knowledge of other facts which would tend to explain or modify them, or tending directly to show want of probable cause, and it becomes a question as to which of such facts were believed and acted upon, this would be a question for the jury. This is mentioned in *Stewart* v. *Sonneborn,* 98 U. S. 187 (25 L. Ed. 116), as an apparent exception to the general. rule that what facts will constitute probable cause is a question of law for the court; but this does not apply to a case where all the undisputed facts known to the defendant, taken together, would. justify in a reasonable person the honest belief that the fact. charged was probably true. In such case the defense would be absolute as matter of law, and the jury would have no right, under the pretense of saying the defendant did not believe, to find. against him. If it were otherwise, the rule that what facts constitute probable cause in an action for malicious prosecution is a. question of law for the court would have no meaning or force whatever. The jury might in every case, no matter what the facts might be, under the pretense of unbelief on the part of defendant, find against him."

Upon the evidence we think the defendant was entitled' to a directed verdict in his favor; for the assumed facts as to the question of probable cause, and upon which the court directed the jury to return a verdict for the defendant,. were without any substantial conflict.

The judgment of the court below is therefore reversed' and the cause remanded, with directions to vacate the judgment and to grant a new trial. Costs to the appellant.

McCARTY, C. J., and FRICK, J., concur.