### 19724. MOSLEY *v.* LANIER, Solicitor-General.

HAWKINS, Justice. The Solicitor-General of Toombs Superior Court filed a petition against M. D. Mosley, seeking to enjoin, as an alleged public nuisance, the operation of a place of business, licensed by the county commissioner, located in the unincorporated area of Toombs County, Georgia, wherein malt beverages commonly known as beer are being offered for sale and sold in violation of Code (Ann. Supp.) § 58-601 (Ga. L. 1890-91, Vol. I, p. 132), which provides: "Any person who shall offer to sell any spirituous, alcoholic, or malt liquors, in any quantities, within a radius of three miles of any church or public or private schoolhouse, shall be guilty of a misdemeanor: Provided, that the provisions of this section shall not apply to any incorporated town or city in this State," because "said place so operated by the defendant is located within a radius of three miles, and nearer than three miles to Collins Chappel Primitive Baptist Church, by the nearest traveled road and highway." The defendant, now plaintiff in error, filed demurrers on the grounds, among others (a) that petitioner is not entitled to the relief sought; (b) that the Act of 1891 (Ga. L. 1890-91, Vol. I, p. 132; Code, Ann. Supp., § 58-601) was repealed by implication by the Malt Beverage Act as amended (Ga. L. 1937, pp. 148, 151; Code, Ann. Supp., § 58-724); and (c) that it was specifically repealed by the Act of 1938 (Ga. L. 1937-38, Ex. Sess., pp. 103, 111; Code, Ann. Supp., § 58-1029). The demurrers were overruled, and the exception is to that judgment. *Held:*

1. "Where a later or revising statute clearly covers the whole subject-matter of an antecedent act, and it plainly appears to have been the purpose of the Legislature to give expression in it to the whole law on the subject, the antecedent act is repealed by necessary implication." *Leonard* v. *State of Georgia*, 204 *Ga.* 465 (2) (50 S. E. 2d 212).

2. The Malt Beverage Act of 1937 (Ga. L. 1937, pp. 148, 151; Code, Ann. Supp., § 58-724), upon which no constitutional attack is made by the pleadings, provides: "No alcoholic beverage of any kind shall be sold upon any church, school ground or college campus or within one hundred (100) yards of such ground or campus." A casual reading of the House and Senate Journals for the 1937 session will reveal

that it was the manifest intent of the General Assembly, in dealing with the subject of malt beverages, to require that no sales could be consummated in closer proximity to a church than 100 yards. In House Journal, page 1677, will be found an amendment to House Bill No. 58, by Mr. Bradley, of Tattnall, reading as follows: "Providing that no malt or spirituous liquors shall be sold within 100 yards of any church or public school property." This amendment was adopted by the House of Representatives. The bill, as amended, passed the House and was sent to the Senate. In the Senate a substitute bill was offered and adopted (Senate Journal, pp. 1601, 1607), in which the provision dealing with sales within 100 yards of any church or public school property was changed to read as follows: "No alcoholic beverage of any kind shall be sold upon any church, school ground or college campus or within one hundred (100) yards of such ground or campus." In the House, the Senate substitute bill was amended to prevent sales on Sunday, and the Senate substitute, as amended in the House, was adopted. House Journal, pp. 3485, 3492.

3. Under the Malt Beverage Act as amended (Ga. L. 1937, p. 148), and as referred to and quoted in part in division 2 of this opinion, "it plainly appears to have been the purpose of the legislature to give expression . . . to the whole law on the subject" of Malt Beverages, and, accordingly, the antecedent Act of 1891 (Ga. L. 1890-91, Vol. I. p. 132; Code, Ann. Supp., § 58-601) "is repealed by necessary implication." *Leonard* v. *State of Georgia,* 204 *Ga.* 465 (2, 3) (50 S. E. 2d 212).

4. Since the petition in the instant case failed to allege that the "place so operated by the defendant is located within" 100 yards of "Collins Chappel Primitive Baptist Church," the trial judge erred in overruling the general demurrer interposed on the ground that the "petitioner is not entitled to the relief sought."

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 15, 1957—DECIDED JUNE 10, 1957—REHEARING DENIED JULY 3, 1957.

*T. Ross Sharpe, Steve M. Hall,* for plaintiff in error.

*Wm. G. Grant, Eugene Cook, Attorney-General, Wm. L. Norton, Assistant Attorney-General,* for parties at interest not parties to record.

*W. H. Lanier, Solicitor-General, Jackson & Graham,* contra.