20201. SHARPE *et al. v.* LOWE.

514

Argued September 9, 1958—Decided October 10, 1958—
Rehearing denied November 7, 1958.

*William T. Darby, Will Ed Smith,* for plaintiffs in error.
*Jackson & Graham,* contra.

Almand, Justice. The judgment under review is an order over-ruling general and special demurrers to a petition seeking damages for an alleged illegal arrest, and is before this court for the reason that the constitutionality of a State statute (Ga. L. 1958, p. 114) was drawn into question.

Ronald Lowe filed his action in Toombs Superior Court against W. Claude Sharpe, formerly the Sheriff of Montgomery County and now a resident of McIntosh County, Georgia, and United States Fidelity and Guaranty Company, alleged to have an agent, office, and place of business in Toombs County. The basis of the action, as finally amended, was that a deputy of Sharpe, while he was Sheriff of Montgomery County, illegally arrested and falsely imprisoned the plaintiff. Damages and attorneys' fees were sought to be recovered. It was alleged that the resident defendant was the surety on Sharpe's bond at the time of said arrest.

■ The original petition contained two counts, to which general and special demurrers were filed by the defendants. Before these demurrers were considered by the court, the plaintiff reduced his petition to one count. The defendants thereupon renewed their general and special demurrers, and among several additional grounds asserted that the court was without jurisdiction and that the Superior Court of McIntosh County had jurisdiction. The assertion and contention was based upon an act of the General Assembly of Georgia approved March 4,

1958 (Ga. L. 1958, p. 114), which amended Code § 56-601 (as amended by the act of 1957, Ga. L. 1957, p. 645), said amendment providing: "Provided further, that any action or suit on the bond of a sheriff, or other arresting or law enforcement officer, upon which any guaranty or surety company or fidelity insurance company is bound and obligated as surety, shall be instituted in the county of the residence of such officer, and not in any other county; and the county of the residence of such officer is hereby fixed as the venue of any action or suit on such bond . . ."

The plaintiff thereupon filed an amendment to his petition in which he alleged that the act of 1958 amending Code § 56-601 was not applicable because his action had been instituted on December 31, 1957, and the suit was pending at the time the amendment was approved on March 4, 1958. He further asserted that, if the amendment was applicable to pending actions, it was unconstitutional as being in violation of certain enumerated provisions of the Constitution of Georgia prohibiting retroactive laws, and of those provisions for suits against joint obligors and joint trespassers.

The trial court, in overruling the general demurrers to the amended petition, held that the amendment of 1958 was not applicable to the action and in the alternative that, even if it was applicable, it was unconstitutional and void as applied to plaintiff's suit.

The plaintiffs in error contend that the amendment of 1958 does apply to suits pending at the time of its enactment, and that the amendment affects the remedy only and is not retroactive so as to impair any rights of the plaintiff.

Code § 56-601, as amended by the act of 1957 (Ga. L. 1957, p. 645), relates to the venue of suits against insurance companies. At the time the instant action was filed, it provided that any person, having a claim or demand on any insurance company, "may institute suit . . . in any county where the company shall have an agent or place of doing business." This court in *Carlan v. Fidelity & Casualty Co. of New York*, 183 *Ga.* 715 (189 S. E. 527), held that a sheriff and the surety on his official bond could be sued for an alleged wrongful act of

the sheriff in any county where the surety had an agent, office, and place of business, though it not be the county of the sheriff's residence. Code § 56-601, as amended by the act of 1957 (Ga. L. 1957, p. 645), clearly shows that the statute had only a prospective operation. Laws prescribe only for the future. Code § 102-104. There are no words in the amendment of 1958 that require it to be given a retrospective application, and therefore it must be construed to have only a prospective application. *Federal Deposit Ins. Corp.* v. *Beasley,* 193 *Ga.* 727 (2) (20 S. E. 2d 23). The amendment of 1958 to Code § 56-601 having no application to suits pending at the time of its passage, it is unnecessary to pass on its constitutionality.

■ The defendants assert that the amended petition fails to set forth a cause of action for the alleged illegal arrest because it contains no allegations that, at the time of the arrest, the plaintiff (a) was not endeavoring to escape, and (b) there was not likely to be a failure of justice for want of an officer to issue a warrant. In his amended petition, the plaintiff alleged that, at the time he was arrested, he had not committed any act in violation of any law, had committed no act or crime in the presence of the officer who had no warrant for his arrest, and that his arrest and imprisonment were wrongful, illegal, malicious, and without probable cause. Whether any of the grounds for a legal arrest without a warrant, as provided for in Code § 27-207, existed at the time of the alleged arrest of the plaintiff, is a matter of defense. *Franklin* v. *Amerson,* 118 *Ga.* 860 (45 S. E. 698). "Whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under one of the exceptions prescribed by law; and the burden of proving that the case lies within the exception rests upon the person making the arrest or inflicting the imprisonment." *Piedmont Hotel Co.* v. *Henderson,* 9 *Ga. App.* 672, 680 (72 S. E. 51).

There is no merit to this ground of the demurrer.

■ In his amended petition the plaintiff alleged that he, "because of his said illegal arrest, and because of the false imprisonment and detention, and because of the conduct of the said officer, sustained little or no actual monetary damages, yet

he is entitled to damages for the breach of the said bond in such amount as may be reasonable and just, taking all the circumstances and facts into consideration, and also in addition to his said damages, he is entitled to recover his attorneys' fees, all as provided by law as described in section 89-421 of the Code of Georgia." The defendants by way of special demurrer assert that the plaintiff is not entitled to recover both smart money and the reasonable expenses of his suit.

Code § 89-421 provides: "The measure of damages recoverable in actions upon all official bonds for the misconduct of the officer, unless otherwise specially enacted, shall be the amount of injury actually sustained, including the reasonable expenses of the suit to the plaintiff besides the costs of court; but in all cases when little or no damage is actually sustained, and the officer has not acted in good faith, the jury may find for the plaintiff an amount as smart money, which, taking all the circumstances together shall not be excessive nor oppressive."

The amended petition alleged that the arresting officer acted in bad faith. In construing this Code section in the case of *Glens Falls Indemnity Co. v. Dempsey*, 68 *Ga. App.* 607, 612 (23 S. E. 2d 493), where a recovery of smart money and attorneys' fees was sustained, the court said: "The section does not demand the conclusion that where smart money is recoverable there cannot be a recovery for expenses of litigation and costs of court, but the section is susceptible of the construction that where the damages show so-called smart money there can still be a recovery for the reasonable expenses of the suit to the plaintiff, which necessarily include attorney's fees." In our opinion such construction is sound. The amended petition is not subject to the objection that, in a suit for smart money under Code § 89-421, attorneys' fees cannot be recovered.

It was not error to overrule the general and special demurrers of the defendants.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent as to division one and the corresponding headnote and to the judgment of affirmance, upon the grounds that I think the amendment deals

solely with jurisdiction and venue and is not retroactive, but is within the constitutional power of the legislature to enact, and does not impair the rights of any party in any cause. Mr. Justice Candler joins me in this dissent.

ON MOTION FOR REHEARING.

ALMAND, Justice. Counsel for the plaintiffs in error in their motion for rehearing insist "that the court in this case did not seek to find the legislative intent as expressed from the statute [Ga. L. 1958, p. 114], but erroneously applied a rule of statutory construction dealing with situations where parties have previously acquired [a] vested right."

The history of the act of 1958, amending Code § 56-601, may be referred to as tending to aid in the construction to be given the statute. *Mayor &c. of Savannah v. Hartridge,* 8 *Ga.* 23 (2). We take judicial notice of the journals of each branch of the General Assembly (*Stanley v. Sims,* 185 *Ga.* 518, 195 S. E. 439), it being the duty of the court in the construction of statutes to give effect to the intention of the legislature when it is ascertainable. *Thompson v. Eastern Air Lines,* 200 *Ga.* 216, 222 (39 S. E. 2d 225); *Moore v. Baldwin County,* 209 *Ga.* 541, 545 (74 S. E. 2d 449). Compare *Mosley v. Lanier,* 213 *Ga.* 373 (2) (99 S. E. 2d 118). Events occurring during the progress of the enactment of a statute as disclosed by the official journals of the General Assembly may be reviewed in seeking to find the intent of the legislature. 2 Sutherland, Statutory Construction, §§ 5001-5016 incl.

The official journals of the House and Senate for the 1958 session of the General Assembly disclose that the act approved March 4, 1958, amending Code § 56-601, designated as House Bill No. 984, in section 2 of the bill as originally introduced and passed by the House, provided: "The legislative intent and purpose of this Act is hereby declared to be wholly remedial, and it shall apply retroactively or retrospectively to all pending suits on the bonds of the officers herein designated." The journals further show that the Senate upon consideration of the House bill amended the same by striking section 2 of the bill and passed the bill as amended; and that the Senate amendment was agreed to by the House.

There being no basis to assume that section 2 was stricken as surplusage, the rejection of this section as contained in the bill as originally introduced is strong evidence that the legislature did not intend for the omitted matter to be effective. Federal Trade Commission v. Raladam Co., 283 U. S. 643 (51 Sup. Ct. 587, 75 L. ed. 1324, 79 A.L.R. 1191) ; Wright v. Vinton Branch of the Mountain Trust Bank of Roanoke, Virginia, 300 U. S. 440 (57 Sup. Ct. 556, 81 L. ed. 736, 112 A.L.R. 1455) ; Mayo v. American Agricultural Chemical Co., 101 Fla. 279 (133 So. 885) ; State Board of Barber Examiners v. Walker, 67 Ariz. 156 (192 Pac. 2d 723) ; Nelson v. Westland Oil Co., 96 Fed. Supp. 656 (2).

In our opinion the legislative history of this statute discloses an intent on the part of the General Assembly not to make the act applicable to pending suits.

Motion for rehearing is denied.