## BERGER *v.* SAUL *et al.*

1. Neither the institution nor the prosecution of a civil suit in a court which has no jurisdiction thereof affords ground for the bringing by the defendant of an action against the plaintiff for malicious prosecution.
2. Where, however, such a suit is brought maliciously and without probable cause, and the defendant is in consequence restrained of his liberty, he may maintain against the plaintiff an action for false imprisonment, without regard to whether final judgment was entered in the unauthorized suit or not.
3. The evidence in the present record was sufficient to carry the case to the jury on the count for false imprisonment.

Argued May 31, — Decided July 19, 1901.

Action for damages.   Before Judge Reid.   City court of Atlanta. December 17, 1900.

Berger sued J. Saul & Company, alleging, in brief, that on November 17, 1898, the defendants instituted against him, in a justice's court, an action of bail-trover, and, maliciously intending to injure him, made an affidavit for bail, and procured an order for his arrest, and had him imprisoned in jail from that date until December 16, 1898, when the case was decided in his favor and judgment rendered discharging him from imprisonment; that the defendants made the above-mentioned affidavit for the purpose of securing his arrest and incarceration, knowing that he was poor and unable to give bond; that in so doing they acted maliciously and without probable cause; that the bail-trover proceeding has been finally determined in his favor; and that by reason of the premises he has been damaged in a stated sum, for which he sues.   For further cause of action he alleged that the defendants imprisoned him in the common jail of the county and deprived him of his liberty for thirty days, unlawfully and without probable cause, and not in good faith, by virtue of the pretended action of bail-trover; that the bail-trover suit was maliciously instituted; and that he was thereby damaged, etc.   The defendants in their answer denied the allegations as to malice and want of probable cause, and denied that the action was decided in favor of Berger.   They alleged that it was pending, on appeal, in the superior court.   On the trial of the present case the defendants, at the conclusion of the evidence introduced by the plaintiff, moved for a nonsuit, on the grounds that it was not shown that the bail-trover proceeding was ended;

and that there was probable cause for instituting the proceeding.. The court granted the motion, and the plaintiff excepted.      From the evidence it appears that the goods sought to be recovered in the bail-trover proceeding were sold by Saul & Company to Berger on credit, and that he acquired title to the same; that Berger had disposed of the goods before the institution of the trover proceeding, and that Saul & Company had been informed of this fact. It further appears that Berger applied, under the provisions of Civil Code, § 4608, for a discharge from imprisonment, and that the jus-: tice before whom the application was brought rendered a judgment refusing the application and recommitting Berger to jail.

*James K. Hines* and *S. C. Crane,* for plaintiff.
*Arthur Heyman* and *Dorsey, Brewster & Howell,* for defendants..

COBB, J.      1. The justice's court was without jurisdiction to hear and determine the issues raised in the bail-trover proceeding.. *Blocker* v. *Boswell,* 109 *Ga.* 230; *Casey* v. *Wagnon,* 111 *Ga.* 874,. and cases cited.      Where the court is without jurisdiction of the subject-matter, there is no "prosecution," and consequently the proceeding can not be made the basis of an action for malicious prosecution.      Such is the rule laid down by the authorities, with few, if any, exceptions.      See Newell, Mal. Pros. 351; Bixby *v.* Brundige,. 68 Mass. 129, s. c. 61 Am. D. 443; Painter *v.* Ives, 4 Neb. 122,.' 127; Whiting *v.* Johnson, 6 Gray, 247; Vinson *v.* Flynn, 64 Ark. 453, s. c. 39 L. R. A. 417, 43 S. W. 146; Turpin *v.* Remy, 3 Blackf. 210, 216.      Indeed the question seems to have been in principle. decided by this court.      In *Satilla Mfg. Co.* v. *Cason,* 98 *Ga.* 14, it appeared that the proceeding complained of as the basis for the. action of malicious prosecution constituted no offense against the. criminal laws of this State; and it was ruled that, inasmuch as such a proceeding did not amount to a prosecution, it could not be made the basis of an action for malicious prosecution.      To the same effect is *Collum* v. *Turner,* 102 *Ga.* 534.      The analogy between those cases and the present one is apparent.      In none of them was there. a "prosecution."      In all of them at most there was nothing but a malicious attempt to prosecute, and such an attempt will not serve: as the foundation for an action of malicious prosecution.

2, 3. The petition, however, contained a count for false imprisonment.      The code provides that where the imprisonment is by vir--

tue of a "warrant" void for want of jurisdiction in the court to issue it, an action for false imprisonment will lie, if the warrant is sued out in bad faith, and that in such a case good faith must be determined from the circumstances of the case. Civil Code, § 3852. We would be inclined to hold, if it were necessary, that the terms of the section cited are broad enough to cover an imprisonment brought about by the issuance of a void order of arrest based on an affidavit in a bail-trover proceeding; but, as we shall hereafter show, the present case was made out, so far as the count in question was concerned, without regard to the applicability of this section. Under the section but two things are necessary to be shown, void process and bad faith. See *Citizens Bank. Co.* v. *Page,* 111 *Ga.* 86. It is contended by counsel for Saul & Company that Berger must show that final judgment was entered in his favor in the bail-trover proceeding; but even if this be true in any case, it is manifestly not true when the whole proceeding is void. In such a case there is nothing to terminate; the whole proceeding is a nullity, and neither a favorable nor an unfavorable judgment could affect the question. As a general rule the person who procures an arrest and imprisonment under a void process, as well as the magistrate who issues and the officer who executes it, are liable to the injured party in an action of false imprisonment, without regard to the question of good or bad faith in the premises. See 12 Am. & Eng Enc. L. (2d ed.) 754 (3), 760 (3), 762 (2). Our code, however, as above shown, changes the rule, and makes good faith the test in such a case. The defendants in error contend that the evidence conclusively showed that they acted in good faith and with probable cause to believe that a recovery could be had against Berger in the bail-trover proceeding. There is, it is true, no evidence to show that they had actual knowledge of the want of jurisdiction in the magistrate; but the evidence is clear that the goods in question had been disposed of by Berger, and the jury could have well found that the goods were sold to Berger on credit and title acquired by him, and that Saul & Company knew that he had disposed of them. It is said, however, that the judgment of the magistrate on Berger's application for discharge from imprisonment was conclusive on the question of good faith and probable cause. We do not think this is true. In the first place, this judgment of the magistrate was itself a nullity and established nothing; in the second place, he

was called on to determine simply whether Berger could "produce the property," or "give the security." Civil Code, § 4608. The magistrate simply rendered a judgment refusing the application and recommitting Berger to jail. For aught that appears, he was of opinion that the applicant was able to give the security, and did not pass on his ability to produce the property. In any event, the judgment was certainly no adjudication that Berger did not have title to the property; and that was the real question in issue in the bail-trover proceeding.

It was further contended that, before the action for false imprisonment could be maintained, Berger should have procured the judgment of a court of competent jurisdiction setting aside the judgment of the magistrate in the bail-trover proceeding. This probably would have been true had the magistrate's judgment been merely voidable for some irregularity (12 Am. & Eng. Enc. L. (2d ed.) 753); but a judgment absolutely void can be attacked in any proceeding and by anybody with whose interests it conflicts. Civil Code, § 5373. The court erred in granting a nonsuit.

*Judgment reversed. All the Justices concurring.*