*W. R. Hammond,* contra.

---

## BUTLER *v.* TATTNALL BANK *et al.*

A judge of the superior court made an order in a case against a sheriff for failing to pay over money in his hands, and directed the clerk of the court to issue instanter "an attachment for contempt of court against the said . . sheriff, as provided in section 4774 of the Civil Code" of 1895 (Code 1910, § 5346), and in pursuance of the order the clerk issued an attachment absolute against the sheriff named, which was directed to the coroner and to all and singular the sheriffs of the State, except the sheriff of the county against whom the attachment was issued, and the sheriff of an adjoining county executed the attachment by arresting the sheriff named therein and placing him in jail.  Upon habeas-corpus proceedings being brought against the jailor, the judge hearing the case discharged the sheriff.  The sheriff then brought suit against the clerk of the superior court issuing the attachment, the sheriff making the arrest, and the bank ordering the arrest, for damages for false imprisonment.  There was no allegation in the petition that the proceedings against the sheriff were not in good faith, nor was there anything in the petition to show bad faith on the part of the defendants.  A demurrer to the petition was filed by all of the defendants, which was sustained by the court.  *Held,* that the order directing the clerk of the superior court to issue an attachment for contempt is to be construed as an order absolute.

(*a*) The clerk of the court was authorized and required to issue the attachment absolute under which the plaintiff was arrested, and his doing so would not subject him to a suit for damages.

(*b*) Neither the bank directing the arrest to be made nor the sheriff

making the arrest was liable in damages therefor, no bad faith being alleged against either.

(c) The court did not err in sustaining the demurrer.

SEPTEMBER. 24, 1913.

Action for damages. Before Judge Sheppard. Bryan superior court. May 7, 1912.

C. C. Butler brought suit against P. I. Rimes of Bryan county, J. A. Kennedy of Tattnall county, and the Tattnall Bank, and alleged substantially as follows: The defendants have damaged him in the sum of $10,129.75, as hereinafter set out. On the 16th day of December, Judge Seabrook, of the Atlantic circuit, upon the petition of the Tattnall Bank, issued an order directing P. I. Rimes, as clerk of the superior court of Bryan county, to issue an attachment for contempt of court against the plaintiff, as sheriff of Bryan county, under section 4774 of the Civil Code of 1895. The Tattnall Bank caused P. I. Rimes, as clerk, to disobey the order of the judge, and caused the clerk to issue a process or proceeding directed to the coroner of Bryan county and to the sheriffs of the State, excepting the county of Bryan, commanding them to arrest the body of petitioner and imprison him in the common jail of Bryan county. Kennedy, the sheriff of Tattnall county, at the instance of the Tattnall Bank, came to Bryan county and arrested petitioner and placed him in Chatham county jail. A writ of habeas corpus was sued out before Judge Charlton, of the superior court of Chatham county; and he sustained the grounds of the habeas corpus and ordered petitioner discharged. No exceptions were taken to the order of discharge. The Tattnall Bank had no legal right to cause the clerk of the superior court of Bryan county to issue any process or proceeding for the imprisonment of the plaintiff, and had no right to cause the sheriff, Kennedy, of Tattnall county, to arrest and imprison him in the jail of Chatham county. Rimes, the clerk, had no legal right to issue process for the imprisonment of plaintiff, and Kennedy had no legal right to come to Bryan county and arrest plaintiff and imprison him. All these acts were done at the instance of the Tattnall Bank and its officers, for the purpose of enforcing the collection of a debt, and in furtherance of a desire on the part of the defendants to imprison the plaintiff. At the time of his imprisonment plaintiff's time was worth $2.00 per day, and he was imprisoned 12 days. While he was in prison he was forced to employ counsel at an ex-

pense of $100, and to pay the sum of $5.75 costs, etc. By reason
of the illegal arrest and imprisonment plaintiff was subjected to
public ridicule, scorn, and contempt, and thus he suffered great
humiliation, mortification, shame, and mental pain in the sum of
$10,000.

The petition for habeas corpus, addressed to Judge Charlton,
of the superior court of the Eastern judicial circuit, together with
the proceedings thereunder, was attached to the petition as an ex-
hibit, and showed in substance that petitioner was the duly elected,
commissioned, and bonded sheriff of Bryan county for and during
the years 1909 and 1910, and that he was restrained of his liberty
under a certain attachment or process issued by the clerk of the su-
perior court of Bryan county, commanding them to arrest the body
of petitioner and to commit him to jail until he purged himself of
an alleged contempt of court. He was arrested under this attach-
ment by Kennedy, the sheriff of Tattnall county. On May 5, 1910,
petitioner was served with a rule nisi to show cause, on May 21st,
why he should not pay over to the Tattnall Bank certain money
held by him, and claimed by the bank to be due on a fi. fa.; or why,
in default thereof, he should not be attached for contempt. On
May 21st, in obedience to the rule nisi, the plaintiff appeared be-
fore the court and filed his sworn answer to the rule, and denied that
the money had ever been demanded of him by the Tattnall Bank,
or that he had ever refused to pay over the money. He also showed
that certain claims had been lodged with him against the money,
and that he had declined to pay it over except by direction of court.
At the November term, 1910, of Bryan superior court (Judge
Parker presiding), the following order was passed: "Upon the
answer filed by the sheriff, and Soloman Moody by his attorney,
R. F. C. Smith, Esquire, consenting, it is ordered that the funds in·
the hands of Charles C. Butler, sheriff, $427.50, be paid out as
follows: ———— dollars and cents costs of this rule, $28.00 to
the satisfaction of balance due upon the fi. fa. the Tattnall Bank
vs. Soloman Moody, maker, and R. H. Levant, E. J. Stafford, and
Jackson Bacon, endorsers, and that the remainder of said $427.50
be paid over to the Tattnall Bank, or its attorneys of record, Kelly
& Smith, on the execution of the Tattnall Bank vs. E. J. Stafford,
maker, Alex. Nail and Soloman Moody, endorsers. It is further
ordered by the court that the funds, herein directed to be paid, be

paid within ten days from this date. This November 8th, 1910. T. A. Parker, Judge Waycross Circuit, Presiding. R. F. C. Smith, Attorney for Soloman Moody, consenting." On December 16th, 1910, Judge Seabrook made the following order: "It appearing to the court that on November 8th, and during the November term, 1910, of the superior court of Bryan county, the Honorable T. A. Parker, Judge of the Waycross Circuit, presiding, the court in the foregoing stated proceedings granted an order absolute, directing Charles C. Butler, sheriff of Bryan county, to pay over to the Tattnall Bank or its attorneys of record, Kelly & Smith, $427.50, and that said amount should be paid within ten days from the date of said order; and it further appearing that no part of said amount has been paid except $28.00, and of said amount ordered to be paid over the said Charles C. Butler has failed and refuses to pay over the sum of $399.50 so ordered to be paid, it is therefore, upon motion of movant's attorneys, ordered that the clerk of this court do issue instanter an attachment for contempt of court against the said Charles C. Butler, Sheriff, as provided in section 4774 of the Civil Code. This December 16th, 1910. Paul E. Seabrook, Judge S. C., A. J. C., Ga." On December 19, 1910, the clerk of the superior court of Bryan county issued the following attachment and process: "Georgia, Bryan County. To the Coroner of said county of Bryan and to all and singular the Sheriffs of said State, excepting the Sheriff of the county of Bryan, Greeting: A rule absolute having, at the November term, 1910, of the superior court of said county, held on the 8th day of November, 1910, been granted against Charles C. Butler, sheriff of said county of Bryan, requiring him to pay over, within ten days from the date of said order, November 8th, 1910, to the Tattnall Bank or its attorneys of record, Kelly & Smith, the sum of Three Hundred and Ninety-Nine 50/100 ($399.50), and he having made default in the payment of said funds, and the Honorable Paul E. Seabrook, Judge of the superior court of Bryan county, having ordered an attachment for contempt of court to issue: These are therefore to command you to arrest the body of the said Charles C. Butler, sheriff of Bryan county, as aforesaid, and commit him to the common jail of said county, or to such jail as in which the prisoners of Bryan county are usually kept, and there to be confined and safely kept without bail or mainprize until he purge him-

self of the said contempt aforesaid, by paying over the aforesaid sums of money with twenty per cent. interest thereon from December 19th, 1910, to the said Tattnall Bank or its lawful .attorneys. Witness the Honorable Paul E. Seabrook, Judge of said court, this the 19th day of December, 1910. P. I. Rimes, Clerk Superior Court, Bryan County, Ga. J. A. Kennedy, Sheriff, Tattnall County." By virtue of this attachment J. A. Kennedy, the sheriff of Tattnall county arrested petitioner and placed him in Chatham county jail. The petition for habeas corpus alleges, that the attachment proceedings against petitioner were not called in open court at the November term, 1910, of Bryan superior court; that he was not a party to the consent order as taken by the attorneys for the Tattnall Bank and the attorney for Soloman Moody; that he did not know that the order or rule absolute for the payment of the money had been taken, until afterwards; that after his answer of May 21st, 1910, had been filed, the jail and jailor's residence in Bryan county were destroyed by fire, and the money which he was holding was burned up and destroyed in the fire, along with his household and other personal effects; that the money has not been and is not now in his possession, custody, or control since the fire, and it is not within his power to produce it, and from his poverty he can not replace it; that his answer of May 21st has never been amended, and he has never pleaded as a defense .that the money was destroyed by fire, etc.; that the rule nisi as served upon him has never been concluded against him, except in so far as making the rule absolute, requiring the payment of the money within ten days; and that there has never been any rule absolute in attachment for contempt of court against him, nor has he ever been adjudged in contempt of court upon such proceedings, etc.

A demurrer to the suit for damages was filed by all of the defendants. It was sustained, and the case was dismissed; whereupon the plaintiff excepted.

*J. H. Smith* and *R. F. C. Smith*, for plaintiff.

*P. W. Meldrim, Kelley & Smith*, and *H. H. Elders*, for defendants.

HILL, J. (After stating the foregoing facts.) Section 4447 of the Civil Code provides as follows: "False imprisonment consists in the unlawful detention of the person of another, for any length

of time, whereby he is deprived of his personal liberty." Section 4448 provides: "If the imprisonment is by virtue of a warrant, neither the party bona fide suing out nor the officer who in good faith executes the same is guilty of false imprisonment, though the warrant be defective in form, or be void for want of jurisdiction. In such cases the good faith must be determined from the circumstances of each case. The same is true of the judicial officer issuing the warrant, the presumption being always against him as to good faith, when he has no jurisdiction." The process issued by the clerk of the superior court of Bryan county, under which the plaintiff was arrested and placed in jail, was in the nature of a warrant. *Williams* v. *Sewell,* 121 *Ga.* 655 (6) (49 S. E. 732); *Berger* v. *Saul,* 113 *Ga.* 869, 871 (39 S. E. 326); *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73, 86 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144). In the *Page* case the court said: "Even in a case where the warrant is defective or void, the imprisonment thereunder would not give rise to an action for false imprisonment, if the party suing out the warrant acted in good faith, and the officer executing the same acted in like manner." Whether the order of December 16, 1910, was granted by Judge Seabrook in term time or in vacation does not clearly appear, and whether or not the judge can pass an order absolute at chambers is not a question now before us for decision. Assuming that the order was passed at a time when the judge had jurisdiction to do so, and construing the order of December 16, 1910, in the light of the recitals of fact preceding it, we hold that the order of Judge Seabrook directing the clerk of the superior court to issue an attachment was an order absolute, and the clerk was authorized and required by its terms to issue the attachment absolute under which the plaintiff was arrested. So construing the order, we think the reference in it to section 4774 of the Code of 1895 (Civil Code of 1910, § 5346) was wholly inapplicable, and its miscitation is therefore to be construed as an inadvertence on the part of the judge.

The order being held to be an order absolute, and it directing the clerk "to issue instanter an attachment for contempt of court," etc., the clerk was within his duty in issuing the attachment absolute under which the plaintiff was arrested. And this being so, he would not be subject to a suit for damages brought against him for issuing the attachment absolute. Nor would the sheriff

who arrested the plaintiff under this attachment, nor the bank which directed the arrest to be made, be liable in damages if they acted in good faith in so doing, believing the order to be a valid one. The ground of Judge Charlton's decision in the habeas-corpus case, by which the plaintiff was released from jail, does not appear; but whatever the basis of that decision, neither of the defendants was a party to that case, and they are not bound by the judgment therein rendered. It is not alleged in the petition in the present case that the sheriff who made the arrest, or the bank which ordered it, acted in bad faith, and there are no facts set out in the record tending to show that they, or either of them, acted otherwise than in good faith; and this being true, the petition did not set forth a good cause of action. Civil Code, § 4448. It follows from what has been said that the court did not err in sustaining the demurrer and dismissing the case.

*Judgment affirmed. All the Justices concur.*