26881. SHEPPARD *et al. v.* HALE.

DECIDED JUNE 29, 1938.

*G. P. Martin, A. J. Griffin, W. W. Stark,* for plaintiffs in error. *E. C. Stark, J. B. G. Logan,* contra.

SUTTON, J. John P. Hale sued John W. Sheppard, J. M. Eberhart, Cliff Eberhart, and T. W. Telford, as joint tort-feasors, for damages for false arrest and imprisonment. His petition and his evidence made substantially the following case: On December 20, 1933, while driving his automobile along a street in Maysville, Georgia, he was arrested by Cliff Eberhart, one of the defendants, who was acting as marshal of the Town of Maysville. His arrest and detention were procured by the other three defendants acting together, without a warrant, and without any crime being committed by him in the presence of any of the defendants, and were unlawful. Before and on the date of his arrest he was the co-owner of a certain warehouse and grounds known as the Maysville Oil-Mill, having purchased the assets of the Georgia State Bank (Maysville branch) which included this warehouse property, and 118 shares of the stock of said oil-mill were transferred to him. When he purchased this property he was informed that he was the sole owner thereof, but soon thereafter J. W. Sheppard claimed that he owned an interest or certain shares of stock in the oil-mill property. On the day of his arrest the plaintiff learned that J. W. Sheppard and J. M. Eberhart had entered on this property and removed the metal covering from the sides and roof of the warehouse building, and that these two defendants intended to sell or dispose of this material; whereupon he sent his wagons and was preparing to carry the same to his home and take care of it pending a settlement of this dispute. In doing this he was acting in good faith under a claim of title and ownership and bona fide thought he had the right to do what he was doing. After his wagons had left the premises of the warehouse property and were on the streets of Maysville, they were commandeered and carried back to the warehouse property by the defendants, and the plaintiff, while in his automobile in Maysville, was arrested by the de-

fendants without a warrant, and he was imprisoned or unlawfully detained, as above stated, for more than an hour before he was released. His arrest and detention were in the presence of a number of people, and he was humiliated, embarrassed, and damaged as set out in the petition.

In substance, the defendants denied that the plaintiff had a right to remove the property in question, and introduced evidence to the effect that the deed or title to the property in question was in the Maysville Oil-Mill, a corporation, that the charter of said corporation had not expired, and that J. W. Sheppard and J. M. Eberhart, two of the defendants, had been in charge of this property from the time it was acquired by the corporation up to the time the plaintiff undertook to remove the metal siding and roofing; and they contended that the plaintiff was committing a trespass in removing the property in the presence of the defendants, and that they had a right to have him arrested without a warrant under the circumstances. They demurred to the plaintiff's petition on the ground that it did not show any right in him to take and remove the property in question. The court overruled the demurrer. The jury returned a verdict in favor of the plaintiff for $100. The defendants' motion for new trial was overruled. They excepted to that ruling and to the overruling of the demurrer.

1. The court properly overruled the demurrer. It was alleged in the petition as amended that the plaintiff was the co-owner of the property in question, and that in taking possession of and undertaking to remove the metal siding and roofing he was acting in good faith, under a claim of ownership. Under the allegations of the petition the plaintiff was not guilty of the offense of trespass or any criminal offense, and was not subject to be arrested and imprisoned therefor without a warrant.

2. "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." Code, § 105-901. This is a tort for which an action for damages will lie. "If the imprisonment is the act of several persons, they may be sued jointly or separately; and if jointly, all shall be responsible for the entire recovery." § 105-903. "Whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under one of the exceptions prescribed by law; and the burden of proving

that the case lies within the exception rests upon the person making the arrest or inflicting the imprisonment." *Piedmont Hotel Co.* v. *Henderson,* 9 *Ga. App.* 672, 680 (72 S. E. 51). Under the evidence in the present case the plaintiff, Hale, was arrested and imprisoned or detained without a warrant.

3. The plaintiffs in error contend that Hale was committing the offense of criminal trespass when he went onto the warehouse property and had the metal siding and roofing loaded on his wagons and was in the acting of removing the same to his home; that this was done in the presence of the officer and the other defendants, and that they had the right to have him arrested and to detain him without a warrant. "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code, § 27-207. Was the plaintiff committing any criminal offense when he was arrested and detained by the defendants? Under the evidence we think the jury was authorized to find that he was not. According to his testimony, in placing the metal siding and roofing on his wagons and undertaking to remove it to his home for the purpose of preserving and taking care of it he was acting in good faith under a claim of ownership, and bona fide thought he had a right to do what he was doing in that respect. In trespass it is a question of bona fides, and not one of real title. *Hayes* v. *State,* 13 *Ga. App.* 647 (79 S. E. 761), and cit. See also *Southern Railway Co.* v. *Peek,* 6 *Ga. App.* 43 (64 S. E. 308). The plaintiffs in error contend that the deed or title to the oil-mill property was in the Maysville Oil-Mill, a corporation, and that the charter of the corporation had not expired; and they introduced evidence to sustain this contention. Under our view of the case this would not make the acts of Hale, in moving or undertaking to remove the property in question, a criminal offense, nor would his acts prevent a recovery by him in this proceeding. Under the law and the evidence the jury was authorized to find that Hale was not guilty of any criminal offense, and therefore that his arrest and detention without a warrant were unlawful. "To sustain an action for false imprisonment, it is not necessary to show malice and want of probable cause" *(Duckett & Co.* v.

*Ozmer,* 48 *Ga. App.* 41, 172 S. E. 118), but it is only essential to show that the imprisonment was unlawful. It was held in *Holliday* v. *Coleman,* 12 *Ga. App.* 779 (78 S. E. 482) : "Under the testimony of the plaintiff, he was not guilty of any criminal offense, and his arrest without a warrant justified an award of damages against the officer who made the arrest and the persons who procured him to do so." This principle of law is applicable to the present case.

4. Applying the above principles of law to the facts of this case, the exceptions to the charge of the court as contained in the motion for new trial are without merit.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*