## 47604. GIBSON'S PRODUCTS COMPANY OF ALBANY, INC. v. MANSFIELD.

CLARK, Judge. This appeal is by a discount department store defendant against whom a customer obtained a verdict in a suit based on false arrest. As the enumerations of error are limited to legal questions it is unnecessary to detail the facts.

1. Appellant contends the court erred in admitting over objection the testimony of an attorney for plaintiff concerning the condition of the merchandise counters and the absence of signs prohibiting opening of packages which he observed on the Saturday before the

trial, this being more than fourteen months after the arrest. Eschewing spurious scholarship sometimes shown by cluttering a brief with numerous authorities on an elementary legal principle, defendant's able counsel limited himself on this phase to citing two Supreme Court decisions.[1] These were *Kitchin v. Kitchin,* 219 Ga. 417, 422 (133 SE2d 880), which states "The cardinal rule on the admission of evidence is that it must be relevant," and *Turner v. Warren,* 193 Ga. 455 (18 SE2d 865) holding that injecting inadmissible irrelevant testimony calculated to prejudice the jury is error. While there might be some question as to relevancy of this attorney's description of his observations of store conditions such a long period after the occurrence, we are unable to accept the thesis that it was prejudicial to the extent that a new trial is warranted. The case took two days to try with plaintiff and her witnesses along with two witnesses for defendant relating their observations of the merchandise counters and placement of placards forbidding package openings as they existed on the date of the event. We must recognize the psychological factors which cause jurors to give greater or lesser weight in their consideration of a case. Obviously, they considered plaintiff's lawyer would not know if these conditions did in fact exist fourteen months before the trial and they obviously would give greater weight to the evidence presented by eye-witnesses despite any conflict between their versions.

2. The charge to the jury on the question of general damages was as follows: "If, from the evidence in the case, you find that the plaintiff is entitled to recover

---

[1]Confronted with a lawyer urging his legal principle to be established by the many volumes on his table, a Chatham County jurist is reputed to have commented: "If it takes all those books to prove that is the law, then it ain't so."

general damages, then in estimating your damages, you may take into consideration any injury which she has suffered in her health; also any physical and mental distress and suffering which she endured, and you may further take into consideration any sense of shame, humiliation, or anguish of mind she has suffered by reason of false imprisonment, if any, and you may assess such sum of damages as you may find under the evidence will fully compensate her for the injury she has sustained, if any." Appellant excepted to the inclusion of the word "humiliation," arguing that "before recovery may be had for humiliation, it must be shown that the facts and circumstances were such *as would likely humiliate and insult any person in like circumstances.*" Since the plaintiff female spent the night in jail we adopt the words of the trial judge, Hon. Asa D. Kelley, Jr., in rejecting the exception: "If it was an illegal arrest or an unlawful arrest, I can't think of anything more humiliating than for them to turn the keys on you." None of the cases cited by appellant's able attorney involved a person being actually placed in durance vile.

3. The remaining enumeration of error attacks a portion of the judge's charge in which he undertook to instruct the jury as to what constituted an arrest. When the initial exception called to the judge's attention that it was incomplete, he properly undertook to make the necessary correction through a recharge. After this recharge, counsel acknowledged he had "no exceptions to the recharge." (T. 322). It is our opinion his position was then correct. See *Conoly v. Imperial Tobacco Co.,* 63 Ga. App. 880, 885 (12 SE2d 398) from which the charge was taken. But even if the recharge was error, the failure to except as required by Code Ann. § 70-207 (a) constitutes a waiver. *Magyer v. Brown,* 116 Ga. App. 498, 501 (4) (157 SE2d 825); *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178.

*Judgment affirmed. Deen, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

SUBMITTED NOVEMBER 8, 1972—DECIDED JANUARY 22, 1973.

*Smith, Gardner, Wiggins, Geer & Brimberry, Jerry W. Brimberry,* for appellant.

*Burt, Burt & Rentz, Donald D. Rentz,* for appellee.