## 34475. STEWART v. WILLIAMS et al.

HALL, Justice.

The plaintiff, Claude Stewart, sued Larry Williams, sheriff of Clarke County, and Robert Williamson, a deputy sheriff of Clarke County, for false imprisonment based on mistaken identity.

Two warrants were issued. The arrest warrant was issued in May 1977 and named the person to be arrested as "Claude Stewart" of Route 1, Box 90, Statham, Georgia. The deputy sheriff did not have possession of this warrant. Instead, Williamson acted only under a bench

---

[2] These factors were geology, hydrology, soils, vegetation, slope and aspect.

warrant issued in August and given to the deputy September 13, 1977. This bench warrant stated that it was issued for Claude Stewart's failure to appear in state court on his $500 recognizance bond to answer a theft by taking charge. The bench warrant furnished neither an address nor physical description of the person to be arrested.

Williamson made several attempts to locate the correct "Claude Stewart." Although the court issuing the bench warrant was closed, he left a note asking for the arrest warrant (which he received the following day). He also checked through some arrest booking records in the sheriff's office but then found nothing. Williamson talked with the telephone company's directory assistance for Athens and was given the plaintiff's address on Beverly Drive in Hull, Madison County. The deputy arrested plaintiff that evening even though he protested that he was the wrong person. The plaintiff is a white male, 29 years old.

Williamson returned to Athens with Stewart in his custody and then found Claude Scott Stewart's prisoner arrest record. That record contained Stewart's name, address, physical description and photograph. Claude Scott Stewart was a black male, 24 years old.

At trial, the jury found for the plaintiff and awarded him $1,000 in damages. On appeal, the Court of Appeals reversed on the grounds that the trial court erred in its charge to the jury on recovery of damages for mental pain and suffering (Divisions 1b and 2) and in its charge on the burden of proof (Division 3). We reverse and affirm the verdict and award of the trial court.

1. This case has proceeded on appeal as though the plaintiff stated a claim for "negligent false imprisonment." There is no such tort. "To constitute a false imprisonment, the act of the defendant in confining the plaintiff must be done with the intention of causing a confinement. If the confinement is due to the defendant's negligence, the latter may be liable as for negligence, but the action is then governed by the rules and principles of the tort of negligence, according to which the plaintiff is required to show actual damage. In other words, there can be no such tort as a negligent false imprisonment which of

itself makes the defendant liable without proof of the invasion of some interest other than the bare interest in freedom from confinement." 1 Harper & James, The Law of Torts, § 3.7, p. 228 (1956).

We find that the plaintiff has instead sued for the intentional tort of false imprisonment. This construction is based on the plaintiff's complaint and on his proof at trial. Although the plaintiff stated several times in his complaint that the arrest was "negligently and irresponsibly performed," he also alleged that he was "falsely, illegally and negligently arrested." Under the liberal construction of complaints authorized by the Civil Practice Act and focusing on the words "falsely" and "illegally," the appellant stated a claim for false imprisonment. In addition, the plaintiff's proof at trial made a prima facie case of this tort, showing an intentional deprivation of the plaintiff's liberty by the defendant.[1]

Based on this intentional tort, the trial court did not err in its charge to the jury which permitted the jury to award damages for mental pain and suffering even though the plaintiff alleged no physical injury. Code Ann. § 105-2003; *Montega Corp. v. Hazelrigs,* 229 Ga. 126 (189 SE2d 421)(1972); *Gibson's Products Co. of Albany v. Mansfield,* 128 Ga. App. 186 (2) (196 SE2d 353) (1973). See Prosser, Law of Torts, § 11 (4th Ed. 1971).

2. The Court of Appeals also ruled that the burden of proof to establish the reasonableness of the arrest was improperly placed on the defendant. We disagree.

The defendant at trial admitted the fact of arrest but contended that the arrest under the bench warrant naming "Claude Stewart" was reasonable. Essentially this amounts to a plea of justification under Code Ann. § 105-1801, which states, ". . . if the defendant was authorized by law to do the act complained of, he may plead the same as a justification; by such plea he admits

---

[1]The elements of the tort of false imprisonment are stated in Code Ann. § 105-901 and are the "unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty."

the act to be done, and shall be entitled to all the privileges of one holding the affirmative." The defendant police officer who pleads justification must show for a warrantless arrest that he acted on probable cause, *Sharpe v. Lowe,* 214 Ga. 513 (106 SE2d 28) (1959); *Vlass v. McCrary,* 60 Ga. App. 744, 748 (5 SE2d 63) (1939), and for an arrest under a warrant that he reasonably executed it. *Blocker v. Clark,* 126 Ga. 484 (54 SE 1022) (1906). The defendant may not escape his burden of proof through his failure to plead properly.

The Restatement of Torts (2d), § 112 et seq. (1965) also treats arrest as an affirmative defense or privilege which justifies the tortious interference. Section 125 specifically relates to the problem of mistaken identity and states, "An arrest under a warrant is not privileged unless the person arrested (a) is a person sufficiently named or otherwise described in the warrant and is, or is reasonably believed by the actor to be, the person intended, or (b) although not such person, has knowingly caused the actor to believe him to be so." Under this formulation, the police officer can prove his affirmative defense of "privilege" by showing that the person arrested was "sufficiently named" in the warrant and was "reasonably believed" to be the person intended.

Because justification is treated by statute as an affirmative defense, we believe the legislative scheme substantially fits that of the Restatement 2d and places the burden of proving reasonable execution of a warrant on the defendant.

This conclusion is supported by *Blocker v. Clark,* 126 Ga. 484 (54 SE 1022) (1906), our leading case on the arrest under a warrant of a person not intended by the warrant. We held in that case that the police officer would not be liable for the arrest of a Charles Blocker different from the Charles Blocker intended by the warrant if the officer had made "diligent inquiry" to ascertain the correct Charles Blocker and had arrested the Charles Blocker he in good faith believed to be the correct one.

The trial court in its charge to the jury stated, "A person serving an arrest warrant on another has the burden of proving the exercise of ordinary care, of due care, on his part in ascertaining the proper identity of the

person arrested." We find no error. The burden of proof was properly placed on defendants.

*Judgment reversed. All the Justices concur, except Marshall, J., who concurs in the judgment only, and Jordan, J., who dissents.*

ARGUED MARCH 12, 1979 — DECIDED
MAY 2, 1979.

*Alan M. Alexander, Jr., James W. Smith,* for appellant.

*Henry & Marshall, Andrew H. Marshall,* for appellees.