## 65686. COLLINS v. SADLO et al.

CARLEY, Judge.

Appellant-plaintiff instituted an action for false imprisonment. Named as defendants in the action were Burke Furniture Company (Burke), who is not a party to this appeal, and appellee Sadlo, who is a police officer. Appellant appeals from the grant of summary judgment to appellee Sadlo.

The facts are essentially undisputed and are as follows: Burke accepted from one of its customers a check which ultimately proved to be stolen and forged. The Burke employee who accepted the check identified appellant, who had previously done business with the furniture company, as the person who had tendered it. Burke informed the police, providing them with appellant's name and address. After she was contacted by a detective, appellant voluntarily presented herself for questioning at the police station. She was informed, however, that she would have to see appellee, the officer handling the case, and that she should return to the station the following morning to do so.

According to appellee's deposition, that evening he received two telephone calls informing him that appellant was apparently preparing to leave town. Both phone calls to appellee were from employees of Burke, the store that had initiated the investigation of appellant. In fact, one of the callers was the same Burke employee who had made the initial contact with appellee. The testimony of neither of the two Burke employees who purportedly telephoned appellee regarding appellant's impending flight appears in the record. However, according to appellee, based solely upon the information related to him in the telephone calls, he called the police station "and told them to have somebody sent out to [appellant's] apartment to see about picking her up."

Acting on appellee's telephone call, other officers that night arrested appellant without a warrant. According to appellant's deposition, she was undressed at the time of her arrest and in bed speaking by phone with a friend. Appellant testified that none of the arresting officers informed her that they had been told she was trying to leave town and that the first time she knew that this was the alleged basis for her arrest was when the subject was raised at her deposition. After her warrantless arrest, appellant was incarcerated and charges of theft and forgery were brought against her. These charges were ultimately dismissed for lack of prosecution.

Based upon this evidence, the trial court entered an order on appellee's motion for summary judgment "find[ing] that defendant Charles J. Sadlo had *probable cause* for his action as to Plaintiff

Brendell Collins and there is no genuine issue to any material fact as to Defendant Sadlo . . ." (Emphasis supplied.)

"False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." OCGA § 51-7-20 (Code Ann. § 105-901). "In an action to recover damages for an illegal arrest and false imprisonment the only essential elements of the action are *the arrest or detention and the unlawfulness thereof.*" (Emphasis supplied.) *Conoly v. Imperial Tobacco Co.,* 63 Ga. App. 880, 885 (12 SE2d 398) (1940).

The instant case involves the alleged false imprisonment of appellant pursuant to her arrest by police officers acting without a warrant. Where the alleged unlawful detention is premised upon an arrest by officers acting without a warrant, the following legal principles are applicable: " 'Whoever arrests or imprisons a person without a warrant is guilty of a tort, *unless he can justify under some of the exceptions in which arrest and imprisonment without a warrant are permitted by law;* and the burden of proving the existence of the facts raising the exception is upon the person making the arrest or inflicting the imprisonment.' [Cits.] . . . *Where the arrest is without a warrant and is illegal, no amount of good faith or probable cause will excuse the defendants.* [Cits.]" (Emphasis supplied.) *Vlass v. McCrary,* 60 Ga. App. 744, 747 (5 SE2d 63) (1939). "To sustain an action for false imprisonment it is not necessary to show malice and want of probable cause, but only that the imprisonment was unlawful. [Cits.]" *Lowe v. Turner,* 115 Ga. App. 503, 506 (154 SE2d 792) (1967).

It is thus clear that, unlike an action for malicious arrest instituted pursuant to OCGA § 51-7-1 (Code Ann. § 105-1001), in a false imprisonment case premised upon a warrantless arrest, the mere existence of probable cause standing alone has no real defensive bearing on the issue of liability. See *Holliday v. Coleman,* 12 Ga. App. 779, 780 (78 SE 482) (1913). See also *Westberry v. Clanton,* 136 Ga. 795 (72 SE 238) (1911); *Duckett & Co. v. Ozmer,* 48 Ga. App. 41 (172 SE 118) (1933); *Sheppard v. Hale,* 58 Ga. App. 140 (197 SE 922) (1938); *Sinclair Refining Co. v. Meek,* 62 Ga. App. 850 (10 SE2d 76) (1940). This is true because probable cause to believe that a crime has been committed may otherwise exist and a warrantless arrest yet be illegal. For example: " 'The rule is that an officer has a right to arrest for a crime committed in his presence; but there is an exception to this rule, which provides that the rule does not apply if the officer does not act on the occasion he sees the crime committed, but delays and seeks to make the arrest on a subsequent occasion after he has had ample time and opportunity to procure a warrant. This rule will be found in [OCGA § 17-4-20 (a) (Code Ann. § 27-207)], and decisions of this

court. [Cits.]" *Yancey v. Fidelity & Cas. Co.,* 96 Ga. App. 476, 478 (100 SE2d 653) (1957). OCGA § 17-4-20 (a) (Code Ann. § 27-207) enumerates the exceptions to the general rule that a warrant is required to render an arrest legal. It is readily apparent that all four exceptions to the warrant requirement enumerated in OCGA § 17-4-20 (a) (Code Ann. § 27-207) in essence *presuppose* the existence of sufficient probable cause to believe that a crime has been committed and that the statute therefore merely enumerates those four situations, in the nature of "exigent circumstances," in which a warrantless arrest may legally be made. See *Blackwell v. State,* 248 Ga. 138 (281 SE2d 599) (1981); *Thompson v. State,* 248 Ga. 343 (285 SE2d 685) (1981). Thus, the defendant in a false imprisonment case premised upon a warrantless arrest does not meet his defensive burden merely by demonstrating the existence of probable cause but he must go further and show that the arrest was also effectuated pursuant to one of the "exigent circumstances" enumerated in OCGA § 17-4-20 (a) (Code Ann. § 27-207). See generally *Sharpe v. Lowe,* 214 Ga. 513, 516 (2) (106 SE2d 628) (1958).

*Stewart v. Williams,* 243 Ga. 580 (255 SE2d 699) (1979) does not compel a different analysis of the evidentiary burden placed on a defendant in a warrantless arrest false imprisonment case. "The defendant police officer who pleads justification must show for a warrantless arrest *that he acted on probable cause,* [cits.] ..." *Stewart v. Williams,* supra at 583. It is clearly apparent that the use of "probable cause" in *Stewart* was a shorthand reference, commonly employed by courts in warrantless situations, to mean the existence of probable cause *and* exigent circumstances as the basis for upholding the warrantless action and that the Supreme Court in *Stewart* was in fact referring to a defensive showing of justification for the warrantless arrest under OCGA § 17-4-20 (a) (Code Ann. § 27-207). This is true because *Sharpe v. Lowe,* supra, and *Vlass v. McCrary,* supra, were cited by the Supreme Court in *Stewart* as the authority for its pronouncement concerning the defensive showing of "justification." The *Sharpe* and *Vlass* cases unequivocably establish that the defensive burden is met by a showing under OCGA § 17-4-20 (a) (Code Ann. § 27-207) and, as discussed above, that statute requires a showing of "exigent circumstances" as well as probable cause. See *Yancey v. Fidelity & Cas. Co.,* supra.

In the instant case, the trial court's order found "probable cause" as the justification for appellee's actions and granted summary judgment on that basis. It is not clear whether the trial court's reference to "probable cause" was employed to mean the reasonable belief that appellant had committed a crime (see generally *Quinn v. State,* 132 Ga. App. 395, 396 (208 SE2d 263)

(1974)) or whether "probable cause" was the trial court's "shorthand" reference to OCGA § 17-4-20 (a) (Code Ann. § 27-207). See *Sharpe v. Lowe,* supra. If the former, the order was clearly erroneous, because it is the overall legality of the arrest, probable cause and exigent circumstances, rather than the mere existence of probable cause that is the decisive factor. *Yancey v. Fidelity & Cas. Co.,* supra. If the latter, the order might be correct if appellee's evidence demonstrated, as a matter of law, that the warrantless arrest of appellant was authorized under OCGA § 17-4-20 (a) (Code Ann. § 27-207). The "right for any reason" rule compels us to address the merits of appellee's entitlement to summary judgment under the latter theory.

Appellant's alleged crime did not occur in the presence of or within the immediate knowledge of any officer. *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672, 680 (4) (72 SE 51) (1911). The only possible justification for the warrantless arrest, therefore, was if appellant was "endeavoring to escape" or if "for other cause . . . there was likely to be a failure of justice for want of a judicial officer to issue a warrant." Assuming, without deciding, that there was probable cause to believe appellant had committed a crime and that, based upon the telephone calls he received, appellee was justified in ordering officers to *investigate* appellant's alleged flight from town, it is clear that genuine issues of material fact remain regarding the legality of appellant's warrantless arrest. According to appellant's uncontroverted evidence, she had no intention of fleeing and was in bed at the time of her arrest pending her voluntary return to the police station the next morning. Appellant was never questioned concerning the allegations of her flight nor was she ever apprised of the basis for the officers' actions, whereby she might have avoided immediate arrest by controverting the hearsay allegations concerning her flight. Instead, appellant was rousted from her house by officers apparently bent solely on the effectuation of her immediate arrest without a warrant, an action apparently based entirely on the unsubstantiated allegations of nondisinterested persons rather than upon the officers' personal substantiation of the hearsay allegations of her possible flight.

"[I]n making a warrantless arrest an officer 'may rely upon information received through an informant, rather than upon his direct observations, *so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge.*' [Cit.]" (Emphasis supplied.) Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527, 550) (1983). In contrast to those situations exemplified by cases such as *Morgan v. State,* 241 Ga. 485 (246 SE2d 198) (1978), *Ellis v. State,* 248 Ga. 414 (283 SE2d 870)

(1981), *Creamer v. State,* 150 Ga. App. 458 (258 SE2d 212) (1979) and *Coker v. State,* 164 Ga. App. 493 (297 SE2d 68) (1982), under the circumstances as they now appear of record in the instant case, a finding that appellant's arrest was illegal and that she was accordingly subjected to a tortious false arrest would clearly be authorized. See *Gordon v. Hogan,* 114 Ga. 354 (40 SE 229) (1901); *Franklin v. Amerson,* 118 Ga. 860 (45 SE 698) (1903). Appellant's arrest "clearly violated the Fourth Amendment [if] it took place in [her] home without a warrant and *without exigent circumstances or [her] consent.* [Cits.]" *Thompson v. State,* supra at 343. Accordingly, pretermitting the existence of any reasonable belief that appellant had committed a crime, genuine issues of material fact remain regarding the underlying legality of appellant's arrest and, consequently, jury questions remain regarding whether appellee is liable for appellant's imprisonment. See *Sharpe v. Frost,* 94 Ga. App. 444 (95 SE2d 309) (1956); *Jacobs v. Owens,* 96 Ga. App. 318 (99 SE2d 895) (1957).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 6, 1983.

*Thomas M. Jackson,* for appellant.
*George N. Skene, John C. Edwards, Elton L. Wall,* for appellees.