## 77068. CARRUTH v. ROBERTS.
### (375 SE2d 499)

BENHAM, Judge.

Appellant Carruth was arrested on December 19, 1985, and incarcerated until December 24, 1985. He initiated this action against his credit union and appellee Roberts d/b/a Accredited Adjustment Bureau, a collection agency employed by the credit union, for false arrest, false imprisonment, malicious use of process, and intentional infliction of emotional distress. This appeal follows the trial court's grant of summary judgment to appellee and the credit union.

Appellant borrowed money from the credit union to purchase a truck, a boat, and a boat trailer, and secured the loan with the items. When he became delinquent in his payments, the credit union turned the account over to appellee, whose agent repossessed the truck. The boat and trailer, however, could not be located. Appellant told appellee's agent he did not have possession of the boat, but that he would get it. When appellant failed to produce the collateral, the agent filed a writ of possession to which appellant did not respond. The writ issued and was forwarded to the sheriff, who was unsuccessful in procuring the boat and trailer. On December 16, 1985, the court that issued the writ issued an order directing appellant or the party in

possession to turn over the property to the sheriff, and warning that failure to obey could be punished as contempt of court. Two days later, that court issued an order authorizing the sheriff to arrest appellant for contempt of court. Appellant was arrested and incarcerated the next day, December 19. He was released on December 24 when his attorney and his brother secured possession of the boat and trailer from an undisclosed part-owner and made arrangements to deliver them to appellee's agent on December 26. Four months later, the court that issued the order authorizing appellant's arrest held a hearing at which appellee did not appear, and concluded that since no hearing had been held on the contempt, appellee had acted prematurely in submitting to the court the proposed order that the court signed on December 18, authorizing appellant's arrest. Appellant subsequently filed this lawsuit.

"[W]here the alleged contumacious conduct is disobedience to a mandate of the court, not an act in the presence of the court or so near thereto as to obstruct the administration of justice, the law requires that a rule nisi issue and be served upon the accused, giving him notice of the charges against him, and that he be given an opportunity to be heard. [Cits.] 'The notice given by the rule nisi is to afford the accused a reasonable time in which to prepare his defense to the charge that he had violated the court's order. [Cit.]' " *Anthony v. Anthony*, 240 Ga. 155 (1) (240 SE2d 45) (1977). Appellant was denied due process of law in that he was arrested and incarcerated for an allegedly contumacious act committed outside the presence of the trial court without being given an opportunity to be heard. See *Martin v. Waters*, 151 Ga. App. 149 (2) (259 SE2d 153) (1979). The issue before this court is whether there exists a genuine issue of material fact concerning appellee's liability for the torts appellant alleges were committed.

1. We first address appellant's contention that summary judgment to appellee on the allegation of false arrest was inappropriate.

"An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." OCGA § 51-7-1. Appellant was arrested under process of law since the judicial order authorizing the sheriff to arrest appellant for contempt of court "was in the nature of a warrant. [Cit.]" *Butler v. Tattnall Bank*, 140 Ga. 579, 584 (79 SE 456) (1913). "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-3. The deposition of appellee's agent is replete with evidence of the agent's attempt to procure the property legally. He cooperated with appellant for several months in the hope that appellant would obtain possession of the property and turn it over to him; he filed for and had a writ of possession issued;

after researching similar cases, he presented to the court several proposed orders in an effort to gain possession of the missing property; and he apprised the court of the history of the case. The agent testified that he wanted the property or appellant arrested after the December 16 order did not induce appellant to comply, and he was unaware that a person in appellant's position was entitled to a hearing before being subject to arrest for contempt of court. There is no evidence in the record that appellee's agent proceeded for any reason other than the desire to obtain possession of the boat and trailer legally. In this case, the existence of probable cause is not a question for the jury since whether the circumstances alleged to show probable cause actually amount to probable cause is a question of law. *Melton v. LaCalamito*, 158 Ga. App. 820 (2b) (282 SE2d 393) (1981). Appellee's agent is further insulated from liability by the fact that the court which issued the arrest order, despite knowing the history of this case, in effect issued an improper arrest order rather than a rule nisi. The trial court's improper action does not strip appellee's agent of the protection of OCGA § 51-7-3, and summary judgment in appellee's favor was warranted.

2. Appellant also sought damages from appellee for false imprisonment. "False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." OCGA § 51-7-20. " 'In an action to recover damages for . . . false imprisonment, the only essential elements are the . . . detention and the unlawfulness thereof. [Cit.]' With regard to the element of 'unlawfulness' in the tort of *false* imprisonment, the law has always made a fundamental distinction between a detention effectuated pursuant to process and a detention which is not predicated on process. '(A)n action for false imprisonment will lie where a person is unlawfully detained under a void process, or under no process at all, and cannot be maintained where the process is valid, no matter how corrupt may be the motives of the person suing out the process or how unfounded the imprisonment may be.' [Cit.]" *Williams v. Smith*, 179 Ga. App. 712 (2) (348 SE2d 50) (1986). The judicial order authorizing the sheriff to arrest appellant for contempt of court, under which appellant was arrested and incarcerated, "was in the nature of a warrant. [Cit.]" *Butler v. Tattnall Bank*, supra at 584. The process having been properly issued, appellant's detention was not a false imprisonment (*Williams v. Smith*, supra), and the trial court did not err in grating summary judgment to appellee.

3. We next turn to appellant's allegations of malicious use and abuse of process. Contrary to appellee's assertion, the Superior Court's decision in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), did not mandate that appellant assert his claims for malicious abuse and use of process as a compulsory counterclaim to the underlying

action, the foreclosure proceeding. Since the underlying action concluded in 1985, well before the *Yost* decision was handed down in June 1986, appellant's allegations need not, indeed could not, have been brought in a compulsory counterclaim. See *Easley v. Clement*, 187 Ga. App. 799 (1) (371 SE2d 416) (1988); *Ostroff v. Coyner*, 187 Ga. App. 109 (3a) (369 SE2d 298) (1988). However, the merits of appellant's allegations must be measured against the precepts of *Yost*. Id.

Yost offers an opportunity for redress to a party damaged by another party's assertion or defense of a claim, defense, or other position that lacks substantial justification, i.e., is "substantially frivolous, substantially groundless, or substantially vexatious." *Yost*, supra, Division 13. It is undisputed that appellee had a writ of possession for the boat and trailer, with which appellant did not comply. Appellee's agent testified on deposition that for two months appellant told him appellant would bring the boat to appellee's agent, and that appellant declined to ask the possessor to release the boat to appellee's agent. When the sheriff's office also met with failure in its efforts to repossess the collateral, appellee's agent, pursuant to advice from the sheriff's office, prepared an order authorizing the sheriff's office to arrest appellant for contempt of court should he fail to return the boat and trailer. When appellee's agent presented the proposed order to the trial judge, he gave the judge a detailed history of the events leading to the proposed order, and the judge signed the order. Shortly thereafter, appellant was arrested by officers of the sheriff's department acting pursuant to the order.

We agree with the trial court's conclusion that no genuine issue of material fact remains with regard to appellant's allegations of what is now known as abusive litigation. The actions of appellee's agent did not lack substantial justification.

4. Appellant also sought damages for appellee's intentional infliction of emotional distress. However, "[i]t is only where [emotional distress] is extreme that liability arises. . . . The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. . . ." *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (335 SE2d 445) (1985). There being no evidence that appellee's behavior triggered such distress upon appellant, it was not error to grant summary judgment to appellee.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 14, 1988.

*Adkins & Robertson, Morgan M. Robertson*, for appellant.
*Greene, Buckley, DeRieux & Jones, Cathleen M. Devlin, Greer, Klosik & Daugherty, John F. Daugherty, H. Clifton Cobb*, for appel-

lee.