A92A0409. AMASON v. KROGER COMPANY et al.
(420 SE2d 314)

SOGNIER, Chief Judge.

John Bradford Amason brought suit against the Kroger Company and its employees Mike Nichols and Gregory Gilpin, asserting claims for false arrest, malicious prosecution, false imprisonment, and simple battery. The defendants were granted partial summary judgment on the false arrest and false imprisonment claims, and Amason appeals from the judgment as to the false imprisonment count.[1]

At approximately 9:00 p.m. on Sunday, May 15, 1988, appellant and an acquaintance, David Parrot, and their wives entered a Savannah grocery store of appellee Kroger. Appellee Nichols, an off-duty Savannah police officer employed by Kroger as a security guard, noticed appellant and Parrot because they appeared intoxicated and he overheard Parrot joke with appellant that he wanted to go to jail. Anticipating possible trouble from the two men, Nichols informed appellee Gilpin, the acting store manager, of his concerns and then watched them as they walked around the store. Upon observing Parrot take a beer from the store cooler and drink it, Nichols approached, displayed his identification, and arrested Parrot. Nichols testified by deposition that appellant's behavior then became loud and unruly and that as a

---

[1] Amason originally filed a notice of appeal from the trial court's judgment in its entirety. However, in his brief filed with this court Amason expressly concedes the trial court's ruling on the false arrest claim was correct and abandons his appeal from that portion of the judgment.

result he repeatedly ordered appellant to leave Kroger property but appellant refused and instead shouted and cursed at Nichols. After Gilpin interceded, appellant eventually walked outside the store and stood beside the exit doors.

After Nichols prepared a written report on Parrot's arrest, he went outside to look for appellant and discovered he had not left the business premises. Nichols deposed that in response to appellant's protest that he had been ordered only to leave the store, he again instructed appellant to leave Kroger property and wait for his wife elsewhere. When appellant refused, Nichols arrested him for criminal trespass, handcuffed him, and escorted him to the store manager's office for preparation of a report. Appellant and Parrot subsequently were transported to jail by an on-duty police officer summoned to the scene, where they were held for several hours until bond was posted. Appellant later was acquitted of criminal trespass.

1. The only essential elements of a claim for false imprisonment are a) detention and b) the unlawfulness of that detention. *Reese v. Clayton County*, 185 Ga. App. 207, 208 (363 SE2d 618) (1987). The record shows without dispute that appellant was detained by appellees; therefore, the question presented is whether appellees have pierced appellant's allegation that the detention was unlawful. The trial court granted summary judgment to appellees on the false imprisonment claim based on a finding that appellant was arrested pursuant to a valid warrant and thus the detention was lawful. We agree with appellant that the trial court's finding concerning the warrant was in error, for the record shows that Nichols did not swear to the warrant charging appellant with criminal trespass until 11 days after appellant was arrested, and thus the arrest was not made pursuant to a valid warrant. See id. at 207-208; compare *Perry v. Brooks*, 175 Ga. App. 77 (2) (332 SE2d 375) (1985). Nonetheless, since a judgment that is right for any reason will be affirmed, we must determine whether the summary judgment may be upheld on any other basis. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

2. When an arrest is made without a warrant, the person making the arrest is liable in tort "unless he can justify [the arrest] under some of the exceptions in which arrest and imprisonment without a warrant are permitted by law; and the burden of proving [such an] exception is upon the person making the arrest or inflicting the imprisonment." (Citations and emphasis omitted.) *Collins v. Sadlo*, 167 Ga. App. 317, 318 (306 SE2d 390) (1983). An arrest for a crime may be made without a warrant if the offense is committed in the presence or within the immediate knowledge of the arresting officer or individual. OCGA § 17-4-20 (a). See OCGA § 17-4-60. This exception presupposes that probable cause to arrest existed, *Sadlo*, supra at 319; therefore, to avoid liability for false imprisonment it must be shown not

only that the arrest was valid but also that the arresting officer had probable cause to believe the charged offense had been committed. *Sadlo*, supra at 318-319.

The offense of criminal trespass, the charge on which Nichols arrested appellant, occurs if, inter alia, a person "[r]emains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart." OCGA § 16-7-21 (b) (3). It is undisputed that Nichols arrested appellant because he personally observed that appellant failed and refused to leave Kroger premises after being ordered to do so by an authorized representative of Kroger who had displayed proper identification. Since appellant was arrested by an off-duty police officer working as a security guard in whose presence appellant appeared to have committed the offense of criminal trespass, the warrantless arrest was legal. *Haile v. Pittman*, 194 Ga. App. 105, 106 (2) (389 SE2d 564) (1989).

Appellant, however, contends that there is a factual dispute as to whether he was ordered to leave Kroger's property or merely to leave the store, and thus a jury question exists on the issue of probable cause to arrest. To the extent that the adequacy of the notice is disputed, we do not agree with appellant that this factual dispute is material. "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-3; see *Gantt v. Patient Communications Systems*, 200 Ga. App. 35, 38 (2) (a) (406 SE2d 796) (1991). Thus, the question is not whether every element of the crime had been established without dispute before the arrest was made, but whether there is any evidence Nichols acted only with a desire to harm appellant.

The record is devoid of evidence to suggest that Nichols acted out any motivation other than a desire to protect the property and patrons of Kroger and to prevent appellant from disrupting the store or offending the other shoppers. Nichols was concerned about appellant and Parrot from the time they entered the store because of their apparent intoxication and suspicious comments, but he did not confront them until Parrot committed a crime in his presence. Even after that event, Nichols did not take any action against appellant until appellant became disruptive. Appellant admitted in deposition testimony that Nichols repeatedly told him to leave before the arrest occurred, and he acknowledged that he argued with Nichols and Gilpin in a loud voice. There is no evidence that Nichols knew appellant or harbored any ill will toward him for any reason. Compare *Gantt*, supra at 38-39 (2). Under these circumstances, we hold that the existence of probable cause may be determined as a matter of law and thus no material fact question remains for jury consideration. See

*Carruth v. Roberts*, 189 Ga. App. 247, 249 (1) (375 SE2d 499) (1988); compare *Gantt*, supra. Summary judgment for appellees on the false imprisonment claim accordingly was warranted as a matter of law. See *Haile*, supra; *Carruth*, supra at 249 (2).

*Judgment affirmed. Cooper and Andrews, JJ., concur. McMurray, P. J., disqualified.*

DECIDED JUNE 4, 1992 —
RECONSIDERATION DENIED JUNE 29, 1992.

*Ray C. Smith*, for appellant.
*Brannen, Searcy & Smith, Joseph J. Berrigan*, for appellees.